J-S52037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KHALID A. BRAKE | |
| Appellant | No. 807 EDA 2014 |

Appeal from the PCRA Order September 29, 2011
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001675-2008

BEFORE: GANTMAN, P.J., ALLEN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:              **FILED AUGUST 29, 2014**

Appellant, Khalid A. Brake, purports to appeal *nunc pro tunc* from the order entered in the Chester County Court of Common Pleas, denying his second petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We remand for further proceedings.

The relevant facts and procedural history of this appeal are as follows. A jury convicted Appellant on January 14, 2009, of three counts of indecent assault and one count each of rape, statutory sexual assault, sexual assault, and corruption of minors. On April 22, 2009, the court sentenced Appellant to an aggregate term of eight and one-half (8½) to twenty (20) years'

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Former Justice specially assigned to the Superior Court.

imprisonment. This Court affirmed the judgment of sentence on November 24, 2010, and Appellant did not seek further review with the Pennsylvania Supreme Court.

On January 5, 2011, Appellant timely filed first PCRA petition *pro se*, alleging trial counsel was ineffective for failing to have the court reporter record sidebars, closing arguments, and jury instructions. Appellant also claimed the court imposed an illegal sentence. The court appointed counsel, who filed a "no-merit" letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Appellant filed a *pro se* response to the "no-merit" letter on May 6, 2011. On May 11, 2011, the court issued notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant did not respond to the Rule 907 notice, and the court denied PCRA relief on June 6, 2011. That same day, the court permitted PCRA counsel to withdraw. Appellant did not file a notice of appeal.

On August 12, 2011, Appellant filed a second and timely *pro se* PCRA petition. In it, Appellant argued trial counsel was ineffective for failing to present an opening statement. Appellant also re-raised his claim regarding trial counsel's failure to have the court reporter record certain sidebars. On August 24, 2011, the Commonwealth filed an answer asserting Appellant's issues were waived or previously litigated. On August 30, 2011, the court

issued Rule 907 notice. Appellant filed a *pro se* response to the Rule 907 notice on September 26, 2011. On September 29, 2011, the court denied PCRA relief.

Appellant timely filed a *pro se* notice of appeal on October 27, 2011. On November 16, 2011, the court appointed counsel ("appellate counsel") to represent Appellant on appeal. Appellate counsel subsequently filed on Appellant's behalf a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On January 3, 2012, appellate counsel filed a motion to withdraw representation, which the PCRA court granted on January 20, 2012. Prior to his withdrawal, appellate counsel had yet to file a brief with this Court for the pending appeal.

On April 10, 2012, this Court remanded the matter as follows:

> AND NOW, this 10th day of April, 2012, counsel having failed to file a brief on behalf of Appellant, despite being so ordered, this appeal is REMANDED for 30 days for a determination as to whether counsel has abandoned [A]ppellant and to take further action as required to protect [A]ppellant's right to appeal. The [PCRA] court shall notify this Court, in writing, within the 30-day period, of all findings and actions taken thereon. Jurisdiction is retained.

(Order, entered 4/10/12, at 1). On April 27, 2012, the PCRA court re-appointed appellate counsel and directed him to take the necessary steps to protect Appellant's rights and prosecute the appeal to its conclusion.

On June 5, 2012, appellate counsel filed a motion for remand with this Court, indicating that the PCRA court's Rule 1925(a) opinion did not address

the issues raised in Appellant's counseled Rule 1925(b) statement. Appellate counsel asked this Court to remand the matter for the PCRA court to prepare an opinion addressing the issues raised in the counseled Rule 1925(b) statement. This Court granted the motion and remanded the case on June 26, 2012. On August 27, 2012, the PCRA court filed a supplemental opinion. Thereafter, appellate counsel failed to file a brief with this Court. This Court dismissed the appeal on December 21, 2012.[2]

On March 3, 2014, Appellant submitted a *pro se* filing styled as a "notice of appeal *nunc pro tunc*." Appellant purported to appeal from the September 29, 2011 order dismissing his second PCRA petition. The filing did not actually resemble a notice of appeal; rather, it included arguments and requests for collateral relief. Specifically, Appellant indicated, "[G]oing *pro se* was not his choice. Due to this case essentially being stuck in limbo, [A]ppellant has no choice but to go *pro se*." (*Pro Se* Notice of Appeal *Nunc Pro Tunc*, filed 3/3/14, at 1). Appellant acknowledged the PCRA court's April 27, 2012 order directing appellate counsel to represent Appellant throughout the PCRA appeal process. Appellant also recognized appellate counsel's June

---

[2] The dismissal order expressly instructed appellate counsel "to file with this Court, within 10 days, a certification that the client has been notified of this dismissal." (Order, entered 12/21/12, at 1). The Superior Court docket for No. 2885 EDA 2011 does not indicate counsel filed any certification of notice as directed.

5, 2012 motion for remand. Appellant seemed unaware, however, of this Court's dismissal of his appeal, stating as follows:

> The dilatory conduct of…not amending [A]ppellant's appeal resulted in the suspension of these matters for over two years, with no indication of this matter being resolved. As a result of the court's or counsel's negligence in perfecting [A]ppellant's appeal, this case is essentially stuck in limbo. Notice to go forward on appeal to the Superior Court to be heard *pro se* but not by choice.

(*Id.* at 2). In the remainder of the filing, Appellant re-raised the claims included in his prior PCRA petitions. Appellant also complained that PCRA counsel abandoned him during the prior appeal. In response to Appellant's *pro se* filing, the PCRA court filed a Rule 1925(a) opinion on May 7, 2014, and it forwarded the certified record to this Court on May 12, 2014.

As a prefatory matter, "the PCRA provides the sole means for obtaining collateral review, and…any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (quoting **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa.Super. 2002)). Any petition for post-conviction collateral relief will generally be considered a PCRA petition if the petition raises issues for which the relief sought is the kind available under the PCRA. **See generally Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214 (1999); **Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining

collateral relief and encompasses all other common law and statutory remedies for same purpose).

Here, Appellant styled the current *pro se* filing a notice of appeal *nunc pro tunc*. Nevertheless, the filing advances ineffective assistance of counsel claims. These claims are cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii) (providing PCRA eligibility for certain claims, including those challenging the constitutionality of trial proceedings and asserting ineffective assistance of counsel). The PCRA court should have treated the filing as a petition for collateral relief under the PCRA, because the time for filing a direct appeal had expired, and Appellant's filing raised cognizable claims under the PCRA. **See Fahy, supra**; **Peterkin, supra**; **Fowler, supra**; 42 Pa.C.S.A. § 9542.

Our analysis does not end here, however, as the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after a petitioner's sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). To invoke an exception, the petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

Instantly, the court sentenced Appellant on April 22, 2009. This Court affirmed the judgment of sentence on November 24, 2010, and Appellant did not seek further review. Thus, Appellant's judgment of sentence became final thirty days later, on December 24, 2010, upon expiration of the time to file a petition for allowance of appeal with the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3). Appellant submitted his current PCRA filing on March 3, 2014, more than three years after his judgment of sentence became final. Accordingly, as a PCRA petition, Appellant's prayer for relief was patently untimely.

Although the *pro se* filing did not address the timeliness requirements of the PCRA, Appellant's references to the case as being "stuck in limbo" indicates he remains unaware of this Court's dismissal of his prior appeal. If Appellant did not receive proper notice of the dismissal of his prior appeal, it might excuse his failure to act sooner. Moreover, the docket entries continue to list appellate counsel as "active" counsel of record. (Criminal Docket, dated 5/12/14, at 6). Thus, questions remain regarding Appellant's *pro se* status on appeal.

Additionally, the PCRA court acknowledges Appellant might be entitled to some relief:

> [U]nder the instant facts, our reappointment of appellate counsel after remand at the Superior Court's direction appears to us to have imposed upon counsel the obligation to provide meaningful representation to Appellant throughout the appeal process. Although Appellant did not request the [PCRA] court to reinstate his appellate rights,

both the trial court and the appellate court have jurisdiction to decide this question. Generally, a breakdown in the court's process is grounds for allowance of a *nunc pro tunc* appeal if it is filed within a reasonable time after the breakdown occurs. Accordingly, under the instant facts, while **we recommend Appellant be granted the right to appeal *nunc pro tunc***—although we believe the appeal is not expeditiously filed—the substantive issues raised therein respecting trial counsel's alleged ineffectiveness are…without merit.

(**See** PCRA Court Opinion, filed May 7, 2014, at 6) (internal citations omitted) (emphasis added).

Based upon the foregoing, we conclude a remand is necessary for the PCRA court to clarify the record and determine the status of appointed counsel. The PCRA court is in the best position to receive and evaluate evidence regarding the timeliness of Appellant's current request for PCRA relief. **See Commonwealth v. Kenney**, 557 Pa. 195, 732 A.2d 1161 (1999) (holding reviewing court is error correcting court and cannot evaluate claims that trial court did not consider; Superior Court has no original jurisdiction in PCRA proceedings; if record is insufficient to adjudicate allegations, case should be remanded for further inquiry). Upon remand, the court must decide whether: (1) any of the three exceptions to the time-bar of the PCRA apply to Appellant's case; (2) his appellate rights should be reinstated *nunc pro tunc* due to counsel's apparent abandonment; (3) and, Appellant should have new counsel appointed or proceed *pro se*.

Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/29/2014</u>