J-S79045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RODNEY CLARKE | : | |
| | : | |
| Appellant | : | No. 2738 EDA 2016 |

Appeal from the PCRA Order May 19, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004100-2012,
CP-51-CR-0004111-2012

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED DECEMBER 29, 2017**

Appellant, Rodney Clarke, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied and dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] For the following reasons, we vacate and remand for further proceedings.

The PCRA court opinion sets forth the relevant facts and procedural history of this case as follows:

> When "K.S" was between the ages of 9 and 14 years, Appellant, who was married to K.S.' grandmother at the time, fondled her and penetrated her vagina with his penis.  When "E.S." was between the ages of 11 and 15 years, Appellant, who was E.S.' stepfather at the time, had oral sex with E.S. and penetrated E.S.' anus with his penis.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

On October 16, 2012, this [c]ourt accepted a negotiated *nolo contendere* plea of Appellant and adjudged him guilty of the following offenses: Rape by Forcible Compulsion (18 Pa.C.S.A. § 3121(a)(1)) and Unlawful Contact with a Minor (18 Pa.C.S.A. § 6318(a)(1)) on case CP-51-CR-0004100-2012; Involuntary Deviate Sexual Intercourse by Forcible Compulsion ("IDSI") (18 Pa.C.S.A. § 3123(a)(1)) and Unlawful Contact with a Minor (18 Pa.C.S.A. § 6318(a)(1) on case CP-51-CR-0004111-2012. All charges were graded as felonies of the first degree. In accordance with the plea agreement, the [c]ourt sentenced Appellant to 10−20 years on the charge of Rape, 10−20 years on the charge of Involuntary Deviate Sexual Intercourse, and 5−10 years for each charge of Unlawful Contact with a Minor. The [c]ourt ordered that the Rape and IDSI sentences were to run concurrent with one another, and that the charges of Unlawful Contact with a Minor were to run concurrent to one another but consecutive to the Rape and IDSI charges. Thus, the [c]ourt imposed an aggregate sentence of 15−30 years of incarceration. Additionally, at the time of sentencing, Appellant was already serving a sentence of incarceration for two counts of IDSI from previous cases with a sentencing date of March 14, 2008. The [c]ourt ordered that the new sentence was to run concurrent with these previous sentences. Appellant was advised by his attorney that he had ten days to file a post-sentence motion for relief and, that if he failed to do, he would no longer have the right to file an appeal. No post-sentence motion was filed.

Appellant filed a petition for relief pursuant to the [PCRA] on July 31, 2013, as well as multiple supplements and addendums. He made the following claims:

> 1. That Appellant's sentence for the crime of unlawful contact by a minor should not run consecutive to his other charges because the charges arise from the same course of conduct. (Appellant's Addendum to PCRA, filed 9/3/14, at 5).

> 2. That his sentence should run concurrent to the sentence from his 2006 case because the

incidents from which the charges on this case stem predate the 2006 case. (Addendum to PCRA, filed 9/2/14, at 5).

3. That the [c]ourt cannot impose consecutive prison terms without making a finding that Appellant caused separate harms to the victims by the acts that produced the two convictions. (Addendum to PCRA filed 9/25/13, at 4-5; Addendum to PCRA filed 9/2/14, at 5).

4. That the [c]ourt's sentence was "harsh and excessive" given that "Defendant is a 56 year old black male who suffers from glaucoma…diabetes, C.O.P.D. and liver disease…and that the sentence imposed…is equivalent to a life sentence." (Addendum to PCRA, filed 9/25/13, at 7).

5. That the negotiated sentence deviated from the guidelines and the court offered no explanation as to the reason for the deviation. (Addendum to PCRA, filed 9/25/13, at 3; Addendum to PCRA, filed 9/2/14, at 4).

6. That the court erred in determining that this case was a second strike case and Appellant's conviction "should be treated as his first strike pursuant to…**Commonwealth v. Shiffler**[, 583 Pa. 478, 879 A.2d 185 (2005)] because he pled *nolo contendere* to all charges and the sentences for the crimes ran concurrently and [he] had no opportunity to reform." (Addendum to PCRA filed 9/2/14, at 6-7).

7. That the [c]ourt erred in imposing an unlawful and unconstitutional sentence in light of [**Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)]. (Supplemental Addendum, filed 12/11/14, at 1-3).

8. That Appellant's trial counsel incorrectly told him that his time credit on the new cases would begin on March 14, 2008, the sentencing date on previous cases, and that this faulty advice induced his plea. (PCRA, filed 7/31/13, at 3).

9. That his written guilty plea agreement inaccurately described his maximum possible period of incarceration. (***Id.*** at 6).

10. That the [c]ourt erred in previously granting a Bad Acts motion and that facts of the prior case were wrongly used to enhance his sentence. (Amended PCRA petition, filed 4/22/14, at 1-2).

On March 31, 2015, a ***Finley***[2] letter was filed by [counsel] addressing issues 3, 4, 8 and 10. The [c]ourt dismissed the petition on May 19, 2015. Appellant filed a second PCRA petition *pro se* on July 8, 2015, claiming that he did not receive notice of the [c]ourt's dismissal and requesting that his PCRA appeal rights be reinstated *nunc pro tunc*. On July 7, 2016, the [c]ourt granted Appellant's request, reinstated his PCRA appellate rights, and informed Appellant that he was entitled to an attorney on appeal. Appellant appealed the PCRA dismissal to the Superior Court on August 1, 2016. However, the [c]ourt neglected to appoint counsel. A Statement of [Errors] Complained of on Appeal [per Pa.R.A.P. 1925(b)] was filed *pro se* on October 7, 2016.

(PCRA Opinion, filed January 6, 2017, at 1-3) (internal citations and footnote

omitted).

Appellant raises the following issue on appeal:

WHETHER APPELLANT'S CASE SHOULD BE REMANDED FOR

---

[2] ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

AN EVIDENTIARY HEARING.

(Appellant's Brief at 2).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251, 1252 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Hardcastle*, 549 Pa. 450, 454, 701 A.2d 541, 542 (1997); *Commonwealth v. Smith*, 121 A.3d 1049 (Pa.Super. 2015). For example, the PCRA court has the discretion to deny a hearing on the petitioner's claims if they are "patently frivolous" and have "no support either in the record or other evidence." *Commonwealth v. Grove*, 170 A.3d 1127, 1149 (Pa.Super. 2017) (quoting *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012)). "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record certified before it" to see if the PCRA court "erred in concluding that

there were no genuine issues of material fact and in denying relief without conducting an evidentiary hearing." ***Smith, supra*** at 1052. The purpose of an evidentiary hearing in this context is to resolve actual conflicts, not to conduct a fishing expedition for any possible evidence that might support some speculative claim. ***Grove, supra*** (citing ***Commonwealth v. Roney***, 622 Pa. 1, 79 A.3d 595, 605 (2013), *cert. denied*, \_\_\_ U.S. \_\_\_, 135 S.Ct. 56, 190 L.Ed.2d 56 (2014)). On the other hand, if the petitioner raises genuine issues of material fact, which the PCRA court cannot decide solely on the record, then the court should hold a hearing to resolve the conflicts. ***Commonwealth v. Garry***, \_\_\_ A.3d \_\_\_, 2017 PA Super 323 (filed October 13, 2017).

In response to Appellant's appeal, the PCRA court reasoned:

> While it appears that PCRA counsel addressed in his ***Finley*** letter only four of Appellant's ten underlying PCRA allegations of error, Appellant's claim for relief on appeal seems to suggest that he is arguing only those six claims that counsel did not address, rather than all ten. However, because the [c]ourt neglected to appoint appellate counsel **as it has promised**, the case should be remanded for appointment of counsel, who can more adequately address the [c]ourt's denial of PCRA relief. Moreover, while it appears that Appellant may have waived many issues by not raising them on direct appeal, *see* 42 Pa.C.S. § 9544(b) (a PCRA claim is waived if "the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding"), his plea attorney incorrectly advised him that he would not have the right to appeal the judgment of sentence if he did not first file a post-sentence motion within ten days of sentencing. The [c]ourt thus believes that, in order to obviate the need for an additional PCRA petition down the road, appellate counsel should be

permitted on remand to address all of Appellant's claims regarding the sentencing proceeding under the umbrella of the instant petition.

This case should also be remanded for an evidentiary hearing regarding the issue (#8 above) of what his attorney told him about the date his sentence would commence. In addition to his own averment, Appellant attached an affidavit to his PCRA petition from his sister, Helen Clarke, stating that Appellant's trial counsel also told her that Appellant's new sentence would "start on March 14, 2008…" Sworn Affidavit by Helen Clarke, Received by the Clerk of Court on 8/2/13. Any such advice from his attorney would constitute ineffective assistance. Thus, his claim creates an issue of material fact entitling him to an evidentiary hearing. The [c]ourt's previous decision to the contrary, like [counsel's] assessment of the issue in his **Finley** letter, was wrong.

Appellant also claims that the [c]ourt erred by not reinstating his right to file a post-sentence motion, about which Appellant **was** correctly advised. However, he did not raise this issue in either his first, counseled, PCRA petition or his second, *pro se*, PCRA petition. Therefore, this claim has been waived. **See** 42 Pa.C.S. § 9544(b).

In light of the above, the [c]ourt recommends that its order dismissing Appellant's PCRA petition be vacated and that new counsel be appointed for 1) an evidentiary hearing on the issue of retroactive sentencing advice, 2) review and litigation of those PCRA claims made by Appellant which were not addressed by [prior PCRA counsel), and 3) any subsequent appellate proceedings.

(PCRA Court Opinion at 4-5). Under the unique circumstances of this case, we agree with the PCRA court that a remand is necessary for the appointment of new counsel, a possible amended PCRA petition, further pursuit of the claim(s) related to the ineffective assistance of plea counsel, and a hearing on those claims. Contrary to the Commonwealth's position

that Appellant was technically not "entitled" to PCRA appellate counsel, the court's letter to Appellant was both ambiguous and misleading on the topic. Undeniably, the PCRA court is in the best position to decide (a) if it promised to appoint appellate counsel for Appellant and (b) whether it should hold an evidentiary hearing on Appellant's claims. *See* Pa.R.Crim.P. 122(A)(3) (allowing court discretion to appoint counsel and stating: "Counsel shall be appointed: ...(3) in all cases, by the court, on its own motion, when the interests of justice require it"); *McGarry, supra*. In combination with other issues involved in this case, such as plea counsel's alleged advice on sentencing, we conclude the best resolution is to vacate and remand for further proceedings, as the PCRA court has requested. *See Commonwealth v. Kenney*, 557 Pa. 195, 732 A.2d 1161 (1999) (holding reviewing court is error-correcting court and cannot evaluate claims which PCRA court did not consider; Superior Court has no original jurisdiction in PCRA proceedings; if record is insufficient to adjudicate allegations, case should be remanded for further inquiry). Accordingly, we vacate and remand for further proceedings.

Order vacated; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/17