732 A.2d 1161

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Charles KENNEY, Appellee.**

Supreme Court of Pennsylvania.

Submitted Dec. 3, 1997.

Decided May 28, 1999.

196

Robert Colville, Claire C. Capristo, Sandra Preuhs, Pittsburgh, for Com.

Steven R. Tabano, Pittsburgh, for Charles Kenney.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

This is an appeal by allowance from the Superior Court order reversing the PCRA court's dismissal of Appellee Charles Kenney's petition for post-conviction relief and remanding the case for trial. We reverse.

Appellee was charged in three separate criminal informations with various felonies arising from three separate incidents occurring during a twenty-four hour period spanning December 14 and 15, 1985. The first incident involved a forcible entry into an apartment where he raped a woman then stole various items after she fled. This incident was the basis for charges of burglary, rape, involuntary deviate sexual intercourse, and theft. Appellee was charged with robbery in connection with the second incident, in which he entered a retail establishment and forced an employee to give him cash from a register. Finally, Appellee robbed a gas station, repeatedly shooting at an attendant, striking him in the chest and back, for which he was charged with robbery, aggravated assault and violating the Uniform Firearms Act.

Appellee, represented by privately retained counsel Louis Coles, Esq., pleaded *nolo contendere* to each of the charges. Before accepting the plea, the trial court conducted a colloquy during which Appellee was informed of the maximum penalty for each charge but not of the fact that those sentences could be imposed consecutively. Appellee was then ordered to undergo a psychological and psychiatric evaluation at Fairview State Hospital for purposes of sentencing. He was discharged from the hospital in July, and on September 5, 1986, appeared for sentencing.

Appellee was sentenced to five to ten years imprisonment on the charges stemming from the robbery and shooting at the gas station; six to twenty years imprisonment for the

burglary, rape and theft; and two and one-half to five years imprisonment for the remaining robbery conviction. The sentences on the three informations were imposed consecutive to each other resulting in an aggregate term of thirteen and one-half to thirty-five years incarceration. After sentencing, Mr. Coles filed a motion to withdraw the *nolo contendere* plea and to withdraw as counsel, alleging his own ineffectiveness in failing to investigate possible defenses and failing to keep abreast of developments in the case.[1] The trial court granted Mr. Coles' motion to withdraw and appointed John H. Corbett, Jr., Esq., of the Allegheny County Public Defender Office to represent Appellee. The trial court denied the motion to withdraw the plea and Mr. Corbett filed a timely appeal in the Superior Court.[2]

Mr. Corbett raised two issues on appeal: whether the trial court erred in denying Appellee's motion to withdraw his plea, and whether Mr. Coles was ineffective in failing to move to withdraw Appellee's plea prior to sentencing. The Superior Court found no merit in either claim and affirmed the judgment of sentence in February 1988.

Three years after his conviction became final, Appellee filed a *pro se* petition under the Post Conviction Relief Act[3] (PCRA). The PCRA court appointed Robert Barrett, Esq., to represent Appellee, who filed a pleading indicating his intention to amend the petition, but took no further action in the ensuing two and one-half years. The PCRA court then appointed new counsel, Elizabeth Beroes, Esq., who filed an amended petition on Appellee's behalf. The amended petition made several specific allegations of trial counsel's ineffectiveness, dealing with his failure to properly investigate and litigate Appellee's competence to assist in his defense, and the

1. Appellee was involuntarily committed to Fairview State Hospital in the interim between sentencing and the filing of the motion to withdraw his plea due to severe depression and suicidal ideation.

2. Two appeals from the judgment of sentence had previously been filed on Appellee's behalf by Mr. Coles and Mr. Corbett, respectively. The Superior Court dismissed these appeals, presumably because the trial court retained jurisdiction in the case.

3. 42 Pa.C.S. § 9541 et seq.

failure to challenge the legality of the sentence imposed. The PCRA court dismissed the petition, finding all the claims waived, and Ms. Beroes filed an appeal to the Superior Court.

The Superior Court panel entered an order on May 15, 1995, indicating that it had received a brief from Ms. Beroes challenging the propriety of the PCRA court's dismissal of the petition and subsequent motion for reconsideration without holding a hearing on either. The order concerned the court's subsequent receipt of a *pro se* brief filed by Appellee challenging Ms. Beroes' performance as PCRA counsel and affirmatively requesting her removal.[4] The order was directed to the Superior Court Prothonotary instructing that office to forward the *pro se* brief to Ms. Beroes in accordance with *Commonwealth v. Ellis*, 398 Pa.Super. 538, 581 A.2d 595 (1990)(en banc), *aff'd* 534 Pa. 176, 626 A.2d 1137 (1993).[5]

4. In this brief, Appellee stated:

Elizabeth A. Beroes ... is and was ineffective. Her failure to recognize, properly brief and preserve the relevant issues during her representation, caused meritorious issues to be overlooked. Resulting in prejudice to appellant's case and a promotion of a miscarriage of justice so blatant that, any meaningful opportunity for review of all the facts, issues, their underlying claims ... has been foregone or inadvertently waived as a result of P.C.R.A. and all prior counsel's dereliction of duty.

Order, dated May 15, 1995, at 1–2.

5. In *Ellis*, the Superior Court declared:

If a *pro se* brief is filed in a counseled appeal, we direct the prothonotary to send the *pro se* brief to counsel who is best able to determine in her professional judgment which of the *pro se's* issues should be presented for our review. Counsel may argue such pertinent issues in her brief to the court, or if the appellate brief has been filed, she may file a supplemental brief addressing those same issues. If the *pro se* brief alleges ineffectiveness of appellate counsel or an affirmative desire to be heard *pro se*, we direct counsel to petition this court to remand the case to the trial court so that it may conduct a full hearing in order to determine appellant's knowing and intelligent waiver of his right to appellate counsel, and of his desire to proceed *pro se*, or in the case of ineffectiveness, an appointment of new counsel.

*Ellis*, 581 A.2d at 600–01.

This court recently clarified that an appellant has a constitutional right to dismiss appellate counsel, before a brief has been filed on his behalf, and prosecute the appeal *pro se*. *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998).

On August 18, 1995, the Superior Court issued another order remanding the case to the PCRA court to conduct a hearing to "determine whether [Appellee] wishes to proceed *pro se,* with the assistance of a newly appointed counsel, privately retained counsel or not at all." The order was issued in response to Appellee's positive expression that he no longer desired to be represented by Ms. Beroes and the court's view that the appellate brief filed by Ms. Beroes was "insufficient to facilitate substantive review of the issues before the PCRA court." On remand, the PCRA court appointed Steven R. Tabano, Esq., who filed an appellate brief on Appellee's behalf.

In his brief to the Superior Court, Mr. Tabano raised five claims including the claim that counsel at trial and on direct appeal were ineffective in not objecting to the plea colloquy on the grounds that Appellee was not informed that the sentences on each information could be imposed consecutively. *See Commonwealth v. Persinger,* 532 Pa. 317, 615 A.2d 1305 (1992). This claim was not raised in the amended PCRA petition. Nevertheless, the Superior Court concluded that this ineffectiveness claim was meritorious and that prejudice must be presumed from such an error. The Superior Court remanded the case for a new trial, whereupon the Commonwealth filed the instant appeal.

The Commonwealth first argues that this ineffectiveness claim was waived by virtue of Mr. Tabano's failure to assert that PCRA counsel was ineffective for not raising this claim. "In order to preserve claims of ineffectiveness of counsel under the PCRA, the claims must be raised at the earliest stage in the proceedings at which the allegedly ineffective counsel is no longer representing the claimant." *Commonwealth v. Griffin,* 537 Pa. 447, 644 A.2d 1167, 1170 (1994). Instantly, this rule was not observed since Appellee had two different attorneys appointed to represent him in the PCRA court. Neither of these attorneys raised the claim under *Commonwealth v. Persinger, supra,* upon which the Superior Court granted relief. This claim of trial and direct appeal counsels' ineffectiveness regarding the *Persinger* claim was therefore waived in the PCRA court. In his appeal to the

Superior Court, Appellee did not overcome this waiver by asserting PCRA counsel's ineffectiveness in waiving the claim. *See Commonwealth v. Watlington*, 491 Pa. 241, 420 A.2d 431 (1980).

The Superior Court sidestepped this waiver with the observation that Ms. Beroes' performance was "so clearly lacking as to not even constitute representation of appellant." Memo Op. at 5 n. 2. This finding is conspicuously absent from the court's August 18, 1995, Judgment Order pursuant to which Mr. Tabano was appointed. That order was clearly based upon the limited finding that Ms. Beroes' appellate brief was deficient, as reflected by the order which envisioned the filing of a new brief in that court. Appointment of new appellate counsel is the appropriate remedy where PCRA appellate counsel's deficient performance deprives one of the right to appeal. *See Commonwealth v. Albert*, 522 Pa. 331, 561 A.2d 736 (1989).

Even accepting the accuracy of the Superior Court's after-the-fact justification for addressing the merits of the instant claim, respectfully, we find that the court erred in addressing the merits of the *Persinger* claim. An indigent petitioner has the right to appointment of counsel to assist in prosecuting a first PCRA petition. Pa.R.Crim.P. 1504(a). Where that right has been effectively denied by the action of court or counsel, the petitioner is entitled to a remand to the PCRA court for appointment of counsel to prosecute the PCRA petition. *Commonwealth v. Duffey*, 551 Pa. 675, 713 A.2d 63 (1998); *Commonwealth v. White*, 449 Pa.Super. 386, 674 A.2d 253 (1996); *Commonwealth v. Mosteller*, 430 Pa.Super. 57, 633 A.2d 615 (1993). The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review.

In reaching the merits of the instant claim by disregarding the proceedings in the PCRA court, the Superior Court acted as a secondary PCRA court. This was error. The Superior Court has no original jurisdiction in PCRA or other proceedings; therefore, its consideration of the claims

raised by Mr. Tabano could only be achieved in furtherance of its appellate jurisdiction. *See* 42 Pa.C.S. §§ 741–42. An appellate court is limited to reviewing the record of the proceedings below for error. The actions of Ms. Beroes remain a part of that record, and the Superior Court's consideration of this appeal has necessarily burdened Appellee with the task of seeking relief in the face of PCRA counsel's deficient performance.

■ Appellee clearly attacked the legal effectiveness of Ms. Beroes' representation in the PCRA court in his *pro se* brief to the Superior Court. Yet, the Superior Court limited its remand order to the appointment of new counsel to prosecute the appeal, without regard to Appellee's allegations regarding the crippling effect that Ms. Beroes' shortcomings in the court below had on his ability to proceed with his claims at the appellate stage. As indicated, if the Superior Court agreed with Appellee that he had been wholly deprived of meaningful assistance of counsel in the PCRA court it should have directed the PCRA court to appoint new counsel to assist Appellee in prosecuting his claims in the lower court in furtherance of his right to competent appointed PCRA counsel under Pennsylvania Rule of Criminal Procedure 1504(a). If the court considered the record insufficient to adjudicate Appellee's allegations against PCRA counsel, it should have remanded the case to the PCRA court to conduct further inquiry into the matter.

For the foregoing reasons we reverse the order of the Superior Court and remand the case to that court to address the remaining issues raised in this appeal.

Justice SAYLOR did not participate in the consideration or decision of this case.

Justice ZAPPALA concurs in the result.

Justice NIGRO files a Dissenting Opinion.

NIGRO, Justice, dissenting.

Since I believe that the Superior Court properly reviewed the merits of Appellee's *Persinger* claim under the circumstances of this case, I respectfully dissent.[1]

Here, as noted by the Majority, Appellee entered a plea of *nolo contendere* to each of the charges in the three separate criminal informations filed against him. However, the trial court failed to inform Appellee during its colloquy that the sentences for each of the charges could be imposed consecutively, as this Court now explicitly requires under *Commonwealth v. Persinger*, 532 Pa. 317, 615 A.2d 1305 (1992) (plea is not tendered knowingly and intelligently if defendant is not informed that consecutive sentences could be imposed upon his multiple convictions). Following sentencing, Appellee was appointed new counsel, who, on appeal to the Superior Court, did not challenge the validity of Appellee's plea based on an inadequate colloquy. Subsequently, Appellee filed a *pro se* petition under the PCRA and was appointed counsel. When counsel took no action in Appellee's case in the two and one-half years after he had filed a notice of intention to file an amended petition, the PCRA court appointed new PCRA counsel, Ms. Beroes. Ms. Beroes filed an amended petition on Appellee's behalf, which was subsequently dismissed by the PCRA court without a hearing.[2] On appeal, the Superior Court found that the petition filed by Ms. Beroes was insufficient to facilitate review of the issues presented and thus, remanded the case to the PCRA court to determine how Appellee wished to proceed. On remand, the PCRA court appointed new counsel, Mr. Tabano, who filed a supplemental appellate brief on Appellee's behalf. In this brief, Mr. Tabano raised the issue that both trial and appellate counsel were

1. For purposes of this dissent, *"Persinger* claim" refers to the claim that Appellee's *nolo contendere* plea was not knowingly, voluntarily, and intelligently entered since the trial court did not advise Appellee that his sentences could be imposed consecutively on multiple convictions.

2. The amended petition did not raise a claim relating to the validity of Appellee's plea on the grounds that the trial court did not advise Appellee during its colloquy that consecutive sentences could be imposed upon multiple convictions.

ineffective for failing, essentially, to challenge Appellee's plea on the grounds that he had never been advised that his sentences could be imposed consecutively. The Superior Court found that the issue had not been waived and determined, after reviewing the claim on its merits, that counsels' assistance had been ineffective under *Persinger.*

The Majority, however, finds that the Superior Court improperly reached the merits of the *Persinger* claim. Instead, the Majority concludes that this issue has been waived for purposes of the PCRA because Mr. Tabano did not raise a sufficiently serial ineffectiveness claim. In other words, Mr. Tabano failed to argue that Appellee's prior PCRA counsel had also been ineffective for failing to raise the issue of trial and appellate counsels' ineffectiveness with regard to their failure to raise a *Persinger* claim. Therefore, the Majority concludes that the Superior Court improperly reviewed the issue on its merits. I disagree.

Here, Appellee was appointed two PCRA counsel, who, from all indications, did not adequately represent the interests of their client.[3] Given this ineffectiveness, Appellee was appointed yet another attorney, Mr. Tabano, to represent him on his appeal to the Superior Court. Under these circumstances, I cannot agree that simply because Mr. Tabano recognized a meritorious issue overlooked by prior counsel yet failed to use the operative words in his brief to overcome waiver of this issue by prior counsel, Appellee's *Persinger* claim should, in effect, never be subject to review on its merits.

While Appellee still has the ability to file a second PCRA petition, and raise a serial ineffectiveness claim regarding the *Persinger* issue sufficient to overcome waiver, such a scenario essentially strips Appellee of his opportunity to have this claim addressed on its merits. It is well-settled that a second or subsequent post-conviction petition for relief will not be entertained "unless a strong prima facie showing is offered to

3. As the Superior Court noted, Appellee's first PCRA counsel took no action on Appellee's behalf for two and one-half years after filing a notice of intention to file an amended petition and Attorney Bereos filed a deficient brief on appeal to the Superior Court.

demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Lawson*, 519 Pa. 504, 513, 549 A.2d 107, 112 (1988). To make such a prima facie showing of a miscarriage of justice, a petitioner must establish either that the proceedings were so unfair that no civilized society could tolerate the verdict or that he is actually innocent of the crimes charged. *Commonwealth v. Szuchon*, 534 Pa. 483, 487, 633 A.2d 1098, 1100 (1993). Since Appellee in the instant case pled *nolo contendere* and has alleged ineffectiveness of counsel based on *Persinger*, he would most likely not be able to satisfy the stringent threshold requirements of *Lawson*. *See Commonwealth v. Allen*, —— Pa. ——, 732 A.2d 582 (1999) (petitioner's ineffectiveness claim based on *Persinger*, raised in context of second PCRA petition, did not meet *Lawson* 's 'miscarriage of justice' standard under totality of circumstances).[4]

In my view, the PCRA is designed to protect persons from such situations as the one presented by this appeal. Here, Appellee was represented by two court-appointed PCRA counsel who, quite simply, did not effectively perform their job. Although Appellee's third appointed counsel recognized a meritorious issue overlooked by prior counsel, he failed to appreciate the need to raise a serial ineffectiveness claim with enough layers to avoid technical waiver of the issue. Under the Majority's holding, because of his counsels' shortcomings, Appellee will be forced to file a second PCRA petition in order to have the merits of his *Persinger* claim become eligible for review. In all probability, however, Appellee would be unable to meet the threshold standards required for relief at that stage under *Lawson*. *See Commonwealth v. Allen, supra*. Given the circumstances of this case, I cannot agree that this is the correct result and therefore, must dissent.

---

4. In all likelihood, Petitioner would also not be able to demonstrate that his second petition has been timely filed under 42 Pa.C.S. § 9545(b)(1). *See* 42 Pa.C.S. § 9545(b)(1) (petition must be filed within one year of date judgment becomes final unless petition alleges one of enumerated exceptions to timeliness requirements).