J-S72008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WALTER S. CHRUBY | |
| Appellant | No. 304 MDA 2016 |

Appeal from the PCRA Order January 27, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001267-1995

BEFORE:  GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED DECEMBER 09, 2016**

Appellant, Walter S. Chruby, appeals from the order entered in the Centre County Court of Common Pleas, which dismissed as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On October 4, 1995, the Commonwealth charged Appellant with criminal homicide, burglary, criminal trespass, robbery, theft by unlawful taking, and access device fraud, in connection with the murder of Victim.  Appellant proceeded to a jury trial in June 1997.  Agent Fram, a FBI hair analysis

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Retired Senior Judge assigned to the Superior Court.

expert who analyzed several items related to Victim's death, testified on behalf of the Commonwealth at Appellant's trial. In his testimony, Agent Fram drew scientific conclusions which implicated Appellant in the murder of Victim. The jury ultimately convicted Appellant of first-degree murder and all other charged offenses on June 25, 1997. On July 3, 1997, the court sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole, followed by ten (10) to twenty (20) years' imprisonment. This Court affirmed the judgment of sentence on March 9, 1999, and our Supreme Court denied allowance of appeal on July 15, 1999. *See Commonwealth v. Chruby*, 737 A.2d 1270 (Pa.Super. 1999), *appeal denied*, 559 Pa. 712, 740 A.2d 1144 (1999).

On June 25, 2003, Appellant filed his first PCRA petition, and the PCRA court appointed counsel on August 19, 2003. Counsel filed an amended PCRA petition on January 2, 2004, which raised issues about trial counsel's alleged cocaine use during trial. On March 10, 2004, the Commonwealth filed a motion to dismiss the petition as untimely, and the court denied PCRA relief on May 6, 2004. On July 19, 2005, this Court affirmed the denial of PCRA relief, and our Supreme Court denied allowance of appeal on December 1, 2005. *See Commonwealth v. Chruby*, 883 A.2d 685 (Pa.Super. 2005), *appeal denied*, 586 Pa. 707, 889 A.2d 1213 (2005).

Appellant filed his second and current PCRA petition *pro se* on February 12, 2015, and the court appointed counsel on February 26, 2015.

In the petition, Appellant claimed he received a December 19, 2014 letter from the district attorney's office, which informed Appellant of the FBI's findings that Agent Fram's trial testimony exceeded the limits of science. Appellant's petition asserted the FBI's findings constituted a newly-discovered fact, pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii), to excuse the untimeliness of the petition. On April 22, 2015, appointed counsel filed a motion for extension of time to file an amended PCRA petition and a motion for the appointment of a microscopic hair analysis expert. The court held a hearing on the motions on June 12, 2015; however, the court did not expressly rule on either motion. On July 10, 2015, the Commonwealth filed a motion to dismiss Appellant's PCRA petition as untimely, and the court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 on January 13, 2016. Appellant filed a response on January 26, 2016, and the court dismissed Appellant's petition as untimely on January 27, 2016. Appellant timely filed a notice of appeal on February 19, 2016. On March 7, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on March 14, 2016.

Appellant raises the following issue for our review:

> DID THE [PCRA] COURT ERR IN DISMISSING [APPELLANT'S] PCRA PETITION AS BEING UNTIMELY, AND MORE SPECIFICALLY, DID THE LETTER FROM THE FBI DATED SEPTEMBER 30, 2014 CONSTITUTE A NEWLY-DISCOVERED FACT AND WAS [APPELLANT'S] PETITION FILED WITHIN SIXTY DAYS OF HIM BECOMING AWARE OF

THAT LETTER?

(Appellant's Brief at 4).

As a preliminary matter, we must determine whether Appellant timely filed his current PCRA petition. **Commonwealth v. Harris**, 972 A.2d 1196 (Pa.Super. 2009), *appeal denied*, 603 Pa. 684, 982 A.2d 1227 (2009). Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Bretz**, 830 A.2d 1273 (Pa.Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 4 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner must raise a timeliness exception within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

"The newly discovered facts exception has two components, which must be alleged and proved." *Commonwealth v. Brown*, 141 A.3d 491, 500 (Pa.Super. 2016). Specifically:

the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Id.* (quoting *Commonwealth v. Bennett*, 593 Pa. 382, 395-96, 930 A.2d 1264, 1272 (2007). Importantly, "to constitute facts which were unknown

to a petitioner and could not have been ascertained by the exercise of due diligence, the information must not be of public record and must not be facts that were previously known but are now presented through a newly discovered source." ***Commonwealth v. Edmiston***, 619 Pa. 549, 570-71, 65 A.3d 339, 352 (2013), *cert denied*, ___ U.S. ___, 134 S.Ct. 639, 187 L.Ed.2d 423 (2013).

Instantly, the court sentenced Appellant on July 3, 1997. On March 9, 1999, this Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on July 15, 1999. Appellant's judgment of sentence became final on October 13, 1999, upon expiration of time to file a petition for writ of *certiorari* with the United States Supreme Court. ***See*** U.S.Sup.Ct.R. 13 (allowing ninety days to file petition for writ of *certiorari*). Appellant filed the present petition on February 12, 2015, over fifteen years after his judgment of sentence became final; thus, the petition is patently untimely.

Nevertheless, Appellant's current PCRA petition asserts the newly-discovered facts exception to the PCRA timeliness requirements. Specifically, Appellant's petition alleges he received a letter from the district attorney's office dated December 19, 2014, which informed Appellant of the FBI's September 30, 2014 report about Agent Fram's overreaching scientific conclusions at trial. As a result of these allegations, the court appointed counsel to represent Appellant, and on April 22, 2015, appointed counsel

filed a motion for the appointment of a microscopic hair analysis expert and a motion for an extension of time to file an amended petition. The court held argument on the motions on June 22, 2015. At the conclusion of the hearing, the court gave the Commonwealth thirty days to file a motion to dismiss Appellant's PCRA petition and Appellant twenty days to respond to the Commonwealth's motion. The court also stated it would rule on the motion to amend the petition once it made a decision with respect to Appellant's motion for the appointment of a microscopic hair analysis expert. Despite the court's statements at the June 12, 2015 hearing, the court did not rule on either motion. Instead, the court issued Rule 907 notice on January 13, 2016, after it received the Commonwealth's motion to dismiss and Appellant's response to the Commonwealth's motion. On January 26, 2016, Appellant filed a response to Rule 907 notice in which he again alleged the newly discovered facts exception to the PCRA timeliness requirement. Nevertheless, the court dismissed Appellant's petition as untimely on January 27, 2016.

Appellant's current *pro se* PCRA petition claims he could not have discovered the erroneous nature of Agent Fram's testimony without the FBI's September 30, 2014 report, which admitted Agent Fram's testimony exceeded the limits of science. Appellant's petition explains that he learned of the FBI's conclusions about Agent Fram's testimony when the district attorney sent a copy of the FBI report to Appellant by letter dated December

19, 2014, which suggests Appellant filed his February 12, 2015 petition within sixty days of learning of the alleged newly-discovered fact. *See* 42 Pa.C.S.A. § 9545(b)(2). Further, the information contained in the December 19, 2014 letter might qualify as an exception to the PCRA timeliness requirement. *See Brown, supra*. The record, however, is not sufficiently developed to review whether Appellant meets the requirements of that exception or whether Appellant is entitled to PCRA relief, because the court did not independently address these assertions at the June 12, 2015 hearing. Consequently, a remand is necessary as the PCRA court is in the best position to receive and evaluate evidence regarding the timeliness of Appellant's PCRA petition. *See Commonwealth v. Kenney*, 557 Pa. 195, 202-03, 732 A.2d 1161, 1165 (1999) (holding Superior Court has no original jurisdiction in PCRA proceedings; if record is insufficient for review, case should be remanded for further inquiry). Therefore, we conclude the best resolution of this case is to vacate and remand the matter to the PCRA court to rule on Appellant's outstanding motions after an independent analysis and hearing on whether Appellant's claim qualifies for the newly discovered fact exception to the PCRA timeliness requirements. Accordingly, we vacate and remand for further proceedings.

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2016