J-S30009-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUSSELL D. CRAWSHAW | : | |
| | : | |
| Appellant | : | No. 1551 WDA 2019 |

Appeal from the Order Entered September 18, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0011277-2013

BEFORE:   MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                          FILED JULY 10, 2020

Russell D. Crawshaw (Appellant) appeals pro se from the order denying his "Motion for Time Credit and Corrected Commitment."  We vacate and remand.

On March 12, 2014, Appellant pled guilty to four counts of burglary.[1] The trial court sentenced Appellant to two years of State Intermediate Punishment (SIP), followed by ten years of probation.  While serving the probation portion of his sentence, Appellant pled guilty to additional crimes at an unrelated docket.

Because of the new convictions, the trial court held a probation revocation hearing on June 5, 2018.  At the conclusion of the hearing, the trial

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3502.

court revoked Appellant's probation and resentenced him to 2½ to 5 years of incarceration. Appellant did not file a post-sentence motion or direct appeal.

On September 13, 2019, Appellant filed the underlying pro se "Motion for Time Credit and Corrected Commitment," requesting that the trial court credit him "for time spent in custody prior to his guilty plea and sentencing … in the amount of approximately 365 days[.]" Appellant's Motion for Time Credit and Corrected Commitment, 9/13/19, at 2. The trial court denied the motion on September 18, 2019. Appellant filed this timely appeal. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents a single issue, arguing that the trial court erred in refusing to construe his motion as a first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and failed to appoint counsel as required under the PCRA. Appellant's Brief at 4. Appellant asks us to vacate the trial court's order denying his motion, and remand for the appointment of counsel. Id. at 10. Both the trial court and the Commonwealth agree with Appellant. See Trial Court Opinion, 2/5/20, at 5 ("[A]s counsel was not appointed prior to the dismissal of [Appellant's] Motion for Credit for Time served, this matter should be remanded for the appointment of counsel."); Commonwealth Brief at 7 ("[T]he Commonwealth agrees that the proper resolution of this appeal is a remand for appointment of counsel.").

It is well settled that "the PCRA subsumes all forms of collateral relief[2] … to the extent a remedy is available under such enactment." Commonwealth v. West, 938 A.2d 1034, 1043 (Pa. 2007) (emphasis in original). "A challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA." Commonwealth v. Fowler, 930 A.2d 586, 595 (Pa. Super. 2007) (citation omitted); see also 42 Pa.C.S.A. § 9543(a)(2). Consequently, we also agree that the trial court should have treated Appellant's "Motion for Time Credit and Corrected Commitment" as a first PCRA petition.

A petitioner has a rule-based right to counsel for a first PCRA petition. Pa.R.Crim.P. 904(C); Commonwealth v. Robinson, 970 A.2d 455, 457 (Pa. Super. 2009) (en banc) ("[A] criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire

---

[2] A trial court must construe any motion filed after a defendant's judgment of sentence becomes final as a petition filed pursuant to the PCRA. Commonwealth v. Jackson, 30 A.3d 516, 521 (Pa. Super. 2011). Appellant had 30 days from his June 5, 2018 resentencing to file a direct appeal. Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). Because Appellant did not file a direct appeal, his judgment of sentence became final on July 5, 2018. See 42 Pa.C.S.A. § 9545(b)(3) (a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Appellant's underlying motion, filed September 13, 2019, was filed after his judgment of sentence became final.

appellate process."). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, ... so long as the petition in question is his first." Commonwealth v. Powell, 787 A.2d 1017, 1019 (Pa. Super. 2001) (citation omitted). When an indigent petitioner has been deprived of counsel, this Court should remand for appointment of counsel to litigate the petition. Commonwealth v. Kenney, 732 A.2d 1161, 1164 (Pa. 1999).

Although titled as a "Motion for Time Credit and Corrected Commitment," Appellant's filing raises an issue that is cognizable under the PCRA, and the trial court should have treated it as his first PCRA petition and appointed counsel. Accordingly, we vacate the order denying Appellant's motion and remand for the appointment of counsel, who shall file an amended PCRA petition or a Turner/Finley letter.[3]

Order vacated. Case remanded for the appointment of counsel. Jurisdiction relinquished.

_____

[3] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2020