J-S32027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYRONE JEFFERSON | : | |
| | : | |
| Appellant | : | No. 1497 EDA 2019 |

Appeal from the PCRA Order Entered April 18, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008441-2012

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED JULY 24, 2020**

Appellant, Tyrone Jefferson, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On September 16, 2013, a jury convicted Appellant of third-degree murder, conspiracy, and possessing instruments of crime. The court sentenced Appellant on October 28, 2013, to an aggregate term of 25 to 54 years' imprisonment. This Court affirmed Appellant's judgment of sentence on

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

August 18, 2015, and our Supreme Court denied allowance of appeal on December 1, 2015. *See Commonwealth v. Jefferson*, 131 A.3d 95 (Pa.Super. 2015) (unpublished memorandum), *appeal denied*, 633 Pa. 776, 126 A.3d 1283 (2015).

On November 14, 2016, Appellant timely filed a *pro se* PCRA petition. In his petition, Appellant alleged the trial court issued an erroneous jury instruction, where the court informed the jury that if it did not unanimously agree that Appellant was guilty of first-degree murder, then third-degree murder would be the only proper verdict. Appellant also alleged prosecutorial misconduct based on some of the District Attorney's remarks during closing arguments. Appellant further alleged, generally, that claims of a false jury instruction, prosecutorial misconduct, and ineffective assistance of counsel were matters Appellant intended to raise before the PCRA court.

The court appointed PCRA counsel, who filed a *Turner*/*Finley* "no-merit" letter[2] and request to withdraw on October 5, 2017. In his "no-merit" letter, counsel asserted that Appellant's claim regarding the improper jury instruction lacked merit and that Appellant's claim of prosecutorial misconduct was previously litigated on direct appeal. Counsel further said that Appellant's reference to the ineffective assistance of counsel was nothing more than a boilerplate allegation that did not satisfy the criteria for ineffectiveness.

---

[2] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Nevertheless, the court found that PCRA counsel had failed to communicate with Appellant prior to filing the *Turner*/*Finley* letter, so the court deemed the letter insufficient and ordered counsel to amend it after discussions with Appellant.

Meanwhile, on December 22, 2017, Appellant filed a *pro se* response to counsel's *Turner*/*Finley* letter, asking PCRA counsel to file an amended petition raising: (1) direct appeal counsel's failure to raise on direct appeal the court's erroneous jury instruction; and (2) whether the trial court erred by refusing to grant a mistrial due to the District Attorney's allegedly improper remarks during closing arguments.

Counsel filed an amended PCRA petition on Appellant's behalf on May 31, 2018. Notably, the sole issue counsel included was trial counsel's ineffectiveness in failing to request a mistrial after the court overruled counsel's objection to the prosecutor's allegedly improper remarks during closing arguments.

The court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907, on September 28, 2018. Although still represented by counsel, Appellant filed a *pro se* response on November 20, 2018. Appellant claimed that he was unable to respond to the Rule 907 notice within 20 days because he had not received the amended PCRA petition from counsel. Consequently, Appellant asked the court to compel production of the

amended PCRA petition.[3]

On December 7, 2018, Appellant filed another *pro se* response to Rule 907 notice. In this filing, Appellant asked the court for permission to amend his PCRA petition to raise additional issues and to clarify issues already raised. Appellant maintained that he has had no communication with PCRA counsel since October 5, 2017, when counsel filed the **Turner**/**Finley** letter.

Appellant filed a third *pro se* response to Rule 907 notice on April 1, 2019, seeking to supplement some of his PCRA claims.[4] In this filing, Appellant expressly raised direct appeal counsel's failure to argue on direct appeal the issue concerning the allegedly erroneous jury instruction.

The court denied PCRA relief on April 18, 2019. The order stated that PCRA counsel shall remain appellate counsel if Appellant pursued an appeal, unless Appellant chose to retain private counsel. Appellant timely filed a

---

[3] The certificate of service attached to counsel's May 31, 2018 amended PCRA petition confirms only that counsel served the amended petition on the Philadelphia County District Attorney's Office by e-filing. The certificate of service does not indicate that counsel served Appellant with the amended petition.

[4] The record does not indicate whether the court forwarded any of Appellant's *pro se* filings to PCRA counsel, who was still counsel of record. **See** Pa.R.Crim.P. 576(A)(4) (stating in any case in which defendant is represented by attorney, if defendant submits written motion, notice or document that has not been signed by defendant's attorney, clerk of courts shall accept it for filing and forward copy of time-stamped document to defendant's attorney and attorney for Commonwealth within 10 days of receipt). The PCRA court took no action to address any of the complaints/requests raised in Appellant's *pro se* filings.

counseled notice of appeal on May 17, 2019. On May 28, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on June 17, 2019.[5]

Appellant raises one issue for our review:

> Whether the court improperly influenced the jury's prerogative by telling them if they could not agree on the charge of first-degree murder because of a difference in opinion then third-degree murder would obviously be the only proper verdict[?]

(Appellant's Brief at 4).

As a preliminary matter, Pennsylvania Rule of Criminal Procedure 904 provides, in pertinent part:

> **Rule 904. Entry of Appearance and Appointment of Counsel; *In Forma Pauperis***
>
> \* \* \*
>
> (C) Except as provided in paragraph (H), when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.
>
> \* \* \*
>
> (F) When counsel is appointed,
>
> \* \* \*

---

[5] In his counseled Rule 1925(b) statement, Appellant reiterated his claim that the court issued an erroneous jury instruction, but did **not** raise this issue in the context of the ineffective assistance of direct appeal counsel. Appellant also raised trial counsel's ineffectiveness related to the underlying claim of prosecutorial misconduct, as well as a sentencing issue.

> (2) the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief.

Pa.R.Crim.P. 904(C), (F)(2). This Court has stated:

> Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process. …
>
> *       *       *
>
> While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation. In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and omissions. Given the current time constraints of 42 Pa.C.S. § 9545, a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches, may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost.

***Commonwealth v. Robinson***, 970 A.2d 455, 457-59 (Pa.Super. 2009) (*en banc*). ***See also Commonwealth v. Kenney***, 557 Pa. 195, 732 A.2d 1161 (1999) (explaining indigent petitioner has right to appointment of counsel to assist in prosecuting first PCRA petition; where that right has been effectively denied by action of court or counsel, petitioner is entitled to remand to PCRA court for appointment of counsel to prosecute PCRA petition; remand serves to give petitioner benefit of competent counsel **at each stage of post-conviction review**); ***Commonwealth v. Williams***, 167 A.3d 1 (Pa.Super. 2017) (holding PCRA counsel effectively abandoned appellant after PCRA

- 6 -

court's issuance of Rule 907 notice; given significant rights at issue, appellant's claims of abandonment, and detailed and layered issues on appeal, best resolution of case is to vacate and remand for filing of new, counseled amended PCRA petition on appellant's behalf and for further proceedings).

Instantly, on November 14, 2016, Appellant timely filed his first PCRA petition *pro se*. In his petition, Appellant alleged: (1) the jury instruction was improper; and (2) the District Attorney committed prosecutorial misconduct. Although Appellant mentioned the ineffective assistance of counsel, he did not plead the required three prongs of that test.[6] The court subsequently appointed PCRA counsel, who filed a **Turner**/**Finley** letter, addressing the jury instruction issue as a claim of trial court error (not in the context of ineffectiveness) and concluding the prosecutorial misconduct claim was previously litigated on direct appeal.

In response, Appellant filed a *pro se* letter on December 22, 2017, specifically arguing the jury instruction issue in the context of direct appeal counsel's failure to raise it on direct appeal; as well as reiterating his claim about prosecutorial misconduct. When counsel subsequently amended Appellant's PCRA petition on May 30, 2018, counsel omitted Appellant's principal complaint about direct appeal counsel's ineffectiveness in relation to the jury instruction issue, and instead argued only trial counsel's

---

[6] **See Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973 (1987).

ineffectiveness with respect to the prosecutorial misconduct claim.

Following the court's entry of Rule 907 notice, Appellant filed three *pro se* responses, in which Appellant complained: (1) he did not receive a copy of counsel's amended PCRA petition; (2) PCRA counsel effectively abandoned him by failing to communicate with Appellant since the date on which counsel filed the initial ***Turner/Finley*** letter; and (3) repeating his intent to raise, *inter alia*, direct appeal counsel's failure to challenge on direct appeal the allegedly erroneous jury instruction. Neither PCRA counsel nor the PCRA court responded to any of Appellant's *pro se* filings.

Significantly, the sole issue counsel raised for Appellant in the current appeal is whether the trial court issued an erroneous jury instruction by informing the jury that if it did not unanimously agree that Appellant was guilty of first-degree murder, then third-degree murder would be the only proper verdict. As the Commonwealth accurately points out, however, this issue, as framed by counsel as one of trial court error, would ordinarily be waived for purposes of the PCRA because it could have been raised on direct appeal. (***See*** Commonwealth's Brief at 6-8). ***See also*** 42 Pa.C.S.A. § 9543(a)(3) (explaining that to be eligible for relief, petitioner must plead and prove allegation of error has not been previously litigated or waived); 42 Pa.C.S.A. § 9544(b) (stating that for purposes of this subchapter, issue is waived if petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in prior state post-conviction proceeding).

Under these circumstances, however, the record discloses that PCRA counsel effectively abandoned Appellant for, at least, the time period between counsel's filing of the amended PCRA petition, and counsel's filing of the current notice of appeal. The record confirms Appellant is indigent. Thus, Appellant was entitled to appointment of counsel throughout **all stages** of litigating his first PCRA petition. **See** Pa.R.Crim.P. 904(C), (F)(2); **Kenney, supra**; **Robinson, supra**; **Williams**. Notwithstanding Appellant's repeated express request to raise a claim of direct appeal counsel's failure to challenge the allegedly erroneous jury instruction, counsel never advanced this issue on Appellant's behalf. Even if counsel thought such a claim was frivolous, he could have filed another **Turner**/**Finley** letter explaining why. Instead, counsel's only attempt to raise this claim on Appellant's behalf was as trial court error. As previously stated, by raising this claim as trial court error, counsel advanced nothing more than a waived issue for purposes of the PCRA. **See** 42 Pa.C.S.A. §§ 9543(a); 9544(b).

Further, the record supports Appellant's contention that he did not receive a copy of counsel's amended PCRA petition, as demonstrated in the certificate of service, and that counsel failed to communicate with Appellant since October 2017, as evidenced by the lack of any supplemental filings by counsel following Appellant's three *pro se* responses to Rule 907 notice.

Given the significant rights at issue and Appellant's valid claims of abandonment, the best resolution of this case is to vacate and remand for the

appointment of new PCRA counsel, who shall promptly communicate with Appellant about the issues he wants to raise and file a new, amended PCRA petition on Appellant's behalf. **See Kenney, supra** (holding reviewing court is error-correcting court and cannot evaluate claim that PCRA court did not consider;[7] Superior Court has no original jurisdiction in PCRA proceedings; if record is insufficient to adjudicate allegations, case should be remanded for further inquiry); **Williams, supra**. Accordingly, we vacate and remand for further proceedings.

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/20

_____

[7] Although the PCRA court considered Appellant's claim that the trial court issued an erroneous jury instruction, it did not evaluate that claim in the context of direct appeal counsel's ineffectiveness. "Our precedent has made abundantly clear that a claim of ineffectiveness of counsel is distinct from the underlying claim of trial court error." **Commonwealth v. Paddy**, 609 Pa. 272, 303 n.11, 15 A.3d 431, 449 n. 11 (2011). **See also Commonwealth v. Collins**, 585 Pa. 45, 888 A.2d 564 (2005) (holding Sixth Amendment claim of ineffectiveness raises distinct legal ground for purposes of state PCRA review and PCRA court should recognize ineffectiveness claims as distinct issues and review them under three-prong ineffectiveness standard announced in **Pierce**). Because PCRA counsel did not present Appellant's claim in the context of ineffectiveness before the PCRA court, the PCRA court did not conduct the requisite analysis under **Pierce**.