J-S45043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
v.                :
:
:
MICHAEL ANDERSON         :
:
Appellant        :    No. 1895 EDA 2021

Appeal from the PCRA Order Entered August 12, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0358761-1992

BEFORE: OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:          **FILED MARCH 7, 2023**

Michael Anderson (Appellant) appeals *pro se* from the order denying his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In affirming Appellant's judgement of sentence on direct appeal, this Court described the facts underlying Appellant's convictions:

> At 9:30 p.m. on February 15, 1992, [A]ppellant, his codefendant Robert Lindsay, and Courtney James entered a grocery store located at 115 East Allegheny Street in Philadelphia, Pennsylvania. While James positioned himself next to the clerk by the cash register, the other two surrounded the second store employee[, Jesus Amparo (Amparo),] by the door. Lindsay then put a gun to [Amparo's] neck and told him not to move. When [Amparo] turned his head, Lindsay shot him in the neck, injuring, [but] not killing him. Appellant then fired two shots at the other employee

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

behind the cash register. The employee ducked, and the shots instead struck James in the head and back, killing him.

As [A]ppellant and Lindsay ran out of the store, one of the store employees fired several shots at them as they fled. Despite this, the two assailants escaped. Subsequently, on February 28, 1992, [A]ppellant was arrested and charged with murder in the second degree, two counts of robbery, conspiracy, aggravated assault, simple assault, possession of an instrument of crime, and violation of the uniform firearms act. Following a five day non-jury trial, on March 8, 1993, [A]ppellant was found guilty of second degree murder, criminal conspiracy, two counts of robbery, aggravated assault, and possession of an instrument of crime. Post-verdict motions were denied and on October 15, 1993, [A]ppellant was sentenced to life imprisonment for second degree murder, ten to twenty years imprisonment for each count of robbery, ten to twenty years imprisonment for aggravated assault, and five to ten years imprisonment for conspiracy, all sentences to be served consecutively….

*Commonwealth v. Anderson*, 660 A.2d 649 (Pa. Super. 1995) (unpublished

memorandum at *1-2) (footnotes omitted).

The PCRA court subsequently explained:

On March 3, 1995, the Superior Court affirmed [Appellant's] judgment of sentence[,] and on August 21, 1995, the Pennsylvania Supreme Court denied *allocator*. [***See id.*, *appeal denied*** 664 A.2d 971 (Pa. 1995).]

… [Appellant] filed a PCRA petition, which was dismissed on August 6, 2003. [Appellant] appealed and on June 22, 2005, the Superior Court dismissed the appeal for failure to file briefs. [***Commonwealth v. Anderson***, No. 2710 EDA 2003 (Pa. Super. 2003).] [Appellant] filed [a second] PCRA petition on August 13, 2012, which was dismissed by the [PCRA] court on October 3, 2018. [Appellant] did not file an appeal.

On December 4, 2018, [Appellant] filed the instant *pro se* PCRA petition. [Appellant subsequently filed an amended petition and submitted various *pro se* correspondence.] Pursuant to Pa.R.Crim.P. 907, [Appellant] was served notice of [the PCRA court's] intention to dismiss his petition on June 17, 2021. A

Response to the [c]ourt's 907 Notice was received on June 29, 2021. [The PCRA court] dismissed his petition as untimely without exception on August 12, 2021. [Appellant] filed his Notice of Appeal on September 10, 2021.

PCRA Court Opinion, 2/9/22, at 1-2 (footnotes omitted). Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for review:

Did the PCRA Court abuse its discretion in denying Appellant's Subsequent PCRA Petition and denied Appellant Due Process?

Appellant's Brief at 3.

It is well-settled that we review the propriety of an order denying PCRA relief "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). Our standard of review of an order denying PCRA relief "is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

We must consider the timeliness of Appellant's petition. A PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(3). The one-year time limitation is jurisdictional; a PCRA court may not address the substantive merits of an

- 3 -

untimely petition. *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).

Appellant's judgment of sentence became final on November 19, 1995 (90 days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal, and the time for filing a petition for review with the United States Supreme Court expired). *See* 42 Pa.C.S.A. § 9545(b)(3) ("judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); U.S.Sup.Ct.R. 13 (a petition for certiorari must be filed within 90 days after entry of judgment). Thus, Appellant's PCRA petition filed December 4, 2018, is untimely.

The PCRA's time bar can be overcome by a petitioner's satisfaction of an exception codified at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three exceptions are government interference, newly discovered facts, and a newly recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking an exception must be "filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2). The PCRA petitioner bears the burden of pleading and proving an exception. *Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016).

Here, Appellant invokes the newly discovered facts exception codified at Section 9545(b)(1)(ii).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence…. Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts."
>
> **[A]s an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts.** *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief, petitioner must plead and prove by a preponderance of evidence that the conviction or sentence resulted from, *inter alia*, unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced)….
>
> . . .
>
> Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (emphasis added; some citations omitted).

Appellant claims he recently discovered that the police officers involved in his case committed misconduct in other cases. Appellant's Brief at 10. Appellant asserts he discovered this misconduct from the civil settlements entered in *Gilyard v. Dusak*, No. 16-2986, and *Wright v. City of Phila.*, No. 16-5020. Appellant's Brief at 10. Appellant insists, "if [he] had known about

this information sooner, he would have investigated and used it in support of his innocence claim." *Id.*

Appellant additionally cites the police misconduct disclosure recently shared by the Commonwealth, which we address below. *Id.* Appellant argues:

> [T]he information about the habitual patterns and practices of working witnesses to make false identification and false statements committed by detectives Dennis Dusak, Manuel Santiago, Frank Jastrzembski, Martin Devlin, and David Baker, has met the burden of the unknown facts exception[] under [42 Pa.C.S.A.] § 9545(b)(1)(ii).

*Id.* According to Appellant, the PCRA court misapplied our Supreme Court's analysis in *Commonwealth v. Watts*, 23 A.3d 980 (Pa. Super. 2011). Appellant's Brief at 10-11. Appellant distinguishes *Watts*, claiming the patterns and practices of police misconduct, illustrated in the *Gilyard* and *Wright* cases, support his claim of actual innocence. *Id.* at 11. Appellant posits:

> Det. Dusak was afforded qualified immunity because the law which would have prevented him from concealing evidence of eye witness's criminal histories was not established in 1997 and 1998 at the time of Gilyard's arrest and conviction.
>
> However, the immunity does not negate Dusak's transgressions in prosecuting two innocent men, [] Gilyard and Felder. And the clear fact of Dusak's illicit conduct by intimidating witness[es] and falsifying testimony to identify Gilyard and Felder. And using flawed witnesses' identification and techniques in order to assert probable cause and obtain [an] arrest warrant. In addition, omitting exculpatory and inconsistent eyewitness account[s]. Regarding of the immunity, Det. Dusak is guilty as sin.

Appellant's Brief at 11 (some grammar corrected).

Appellant claims Detective Dusak "coerced [a witness,] Marcella Smith[,] to make [a] false fabrication statement against Appellant following his arrest." *Id.* at 16 (capitalization altered). Appellant argues Detective Dusak additionally provided Ms. Smith with details about the crime to bolster her testimony. *Id.* Appellant contends that in his case, Detectives Dusak and Santiago engaged in the same misconduct present in *Gilyard* and *Wright*: Appellant claims:

> The detectives coerced one of the victims in Appellant's case to identify him from a bogus photo array and use as evidence of probable cause to obtain [an] arrest warrant for the instant Appellant. Later on[,] the victim failed to identify Appellant and the bogus identification was dismissed, but following [] Appellant's arrest, Det. Dusak coerced [Appellant's] then girlfriend Marcella Smith to give a false statement against him which was used to hold Appellant over for trial.

*Id.* at 12.

Appellant cites this Court's memorandum decision in *Commonwealth v. Phillips*, No. 815 EDA 2020 (Pa. Super. Filed May 21, 2021) (unpublished memorandum). Appellant's Brief at 11. Appellant emphasizes that the PCRA court in *Phillips* credited the petitioner's claim of newly discovered facts. *Id.* However, Appellant offers no further analysis regarding our decision in *Phillips*, where we affirmed the PCRA court's dismissal of the petitioner's second PCRA petition because it "was ultimately meritless." *See id.; see also Phillips* at *1.

Appellant's claim that Detective Santiago used coercion to obtain witness identification is not a newly discovered fact. *See* Appellant's Brief at 14. Furthermore, the trial court banned the identification from the photo array. *See* N.T. (Trial), 3/2/93, at 77-83, 88. Appellant thus failed to demonstrate this fact was "unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).

Likewise, Appellant's reliance on our decision in *Phillips* affords no relief. In *Phillips*, the PCRA court found the petitioner's claim that Philadelphia Police Detective James Pitts coerced a confession satisfied the newly discovered facts exception. *Commonwealth v. Phillips*, No. 815 EDA 2020, at \*1. The petitioner in *Phillips* claimed as a newly discovered fact, a trial court's recent finding that Detective Pitts coerced witnesses and fabricated evidence. *Id.* at \*2. The petitioner additionally claimed his trial counsel rendered ineffective assistance by not raising the issue of Detective Pitts' coercion. *Id.* at \*12. The PCRA court agreed that Detective Pitts's history of misconduct constituted a newly discovered fact, but concluded the petitioner's substantive claim based on the coercion "was ultimately meritless." *Id.* at \*1. Citing our standard of review, this Court declined to disturb the PCRA court's finding and affirmed the denial of relief. *Id.* at \*16.

This case is distinguishable from *Phillips*. Here, the PCRA court **rejected** Appellant's claim of newly discovered facts. The PCRA court explained:

[Appellant] failed to demonstrate how [Detective] Dusak's alleged misconduct could not have been discovered previously with the exercise of due diligence. Presumably, [Detective] Dusak's purported transgressions would have been known to [Appellant] at the time of trial and therefore do not constitute "newly-discovered" information. Furthermore, with respect to the cases cited, **Gilyard v. Dusak** … and **Wright v. City of Philadelph**[, **Appellant**] **appeared to refer to the allegations in the pleadings, rather than any judicial decision in the case.** Even assuming [Appellant] was attempting to rely on any such decision, a judicial opinion does not qualify as a previously unknown "fact" capable of triggering the timeliness exception set forth in the PCRA. **Commonwealth v. Watts**, 23 A.3d 980 (Pa. 2011). Therefore, [Appellant] failed to meet his burden of establishing the previously unknown fact exception.

PCRA Court Opinion, 2/9/22, at 3-4 (emphasis added). The record supports the PCRA court's analysis.

Appellant claims that witness Marcella Smith fabricated her testimony. In the PCRA petition Appellant filed 20 years ago, Appellant blamed the prosecutor for coaching Ms. Smith and eliciting fabricated testimony from her. PCRA Petition, 9/10/02, at 6. The PCRA court rejected the claim. PCRA Court Opinion, 9/22/03, at 3-4. Presently, Appellant fails to demonstrate how he could not have known about the detective's role in coercing Ms. Smith's testimony with the exercise of due diligence. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii) (requiring petitioner to allege and prove the facts were unknown to him and he exercised due diligence in discovering the facts).[2]

---

[2] **See also Commonwealth v. Cox**, 983 A.2d 666, 699 (Pa. 2009) ("This Court had previously held that a PCRA petitioner cannot obtain post-conviction review of previously litigated claims by alleging ineffective assistance of prior
*(Footnote Continued Next Page)*

Mindful of our standard of review, we will not disturb the PCRA court's determination. *See Rizvi*, 166 A.3d at 347.

Finally, we recognize that the Commonwealth has notified Appellant and this Court about the detectives involved in Appellant's case being cited for misconduct and/or indicted for perjury or false statements in other cases. *See* Commonwealth Brief at 10-11. This information does not negate the PCRA court's analysis and disposition. *See* PCRA Court Opinion, 2/9/22, at 3-4; *see also Commonwealth v. Kenney*, 732 A.2d 1161, 1165 (Pa. 1999) (appellate court may not consider issue as a factfinder). Upon review, we discern no error or abuse of discretion by the PCRA court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2023

_____

counsel and presenting new theories of relief on the same facts." (citation omitted)).