J-S20017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JORDAN MICHAEL WALLICK | : | |
| | : | |
| Appellee | : | No. 1121 MDA 2020 |

Appeal from the Order Entered August 12, 2020
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0005884-2010

BEFORE:  NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                    **FILED: AUGUST 5, 2021**

Appellant, the Commonwealth of Pennsylvania, appeals from the order

entered in the York County Court of Common Pleas, which granted the petition

of Appellee, Jordan Michael Wallick, filed pursuant to the Post-Conviction

Relief Act ("PCRA").[1]  We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows:

> On April 5, 2012, …Appellee was found guilty of second-
> degree murder, robbery, and conspiracy to commit robbery.
> At the time of the murder, …Appellee was fifteen years of
> age.  On May 21, 2012, [the trial court] imposed the
> mandatory punishment for murder, at the time, of life
> without the possibility of parole.  …Appellee was also
> sentenced to concurrent sentences for the robbery and
> conspiracy [charges].  Thereafter, pursuant to ***Miller v.
> Alabama***, 567 U.S. 460[, 132 S.Ct. 2455, 183 L.Ed.2d 407]
> (2012) (mandatory life sentences for juvenile offenders
> violates the Eighth Amendment of the United States

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

Constitution), …Appellee, along with all other juvenile lifers, was set for a resentencing. At resentencing [on September 23, 2016], …Appellee received thirty years to life for his murder conviction and concurrent sentences for robbery and conspiracy. …Appellee appealed the propriety of this sentence and the Superior Court affirmed on November 1, 2017. ***Commonwealth v. Wallick***, 181 A.3d 376 [(Pa.Super.] 2017) (unpublished memorandum).

[On December 27, 2017, Appellee wrote a letter to the York County clerk of courts, requesting a copy of his docket sheet to review the status of his appeal. Appellee explained that he had tried to have his family obtain the information online, but they were unsuccessful. Within the request, Appellee also indicated that he was indigent and could not afford to purchase the information. Nevertheless, on April 19, 2018, the clerk replied that Appellee would need to pay $18.60 to receive the docket sheet. Consequently, Appellee did not receive the docket sheet.]

…Appellee filed a [*pro se*] Petition for Post Conviction Collateral Relief…which was docketed on August 22, 2019. A status hearing was held on December 20, 2019, and …Appellee agreed to accept [PCRA] representation. That same day, [PCRA counsel], was appointed to represent …Appellee. At a February 7, 2020 hearing, PCRA counsel was permitted six months to file an amended PCRA petition. An amended petition was received on July 31, 2020. This petition detailed reasons why the initiating PCRA petition was not untimely and requested the reinstatement of Appellee's appellate rights *nunc pro tunc* so that Appellee might effectuate an appeal to the Supreme Court of Pennsylvania from the Superior Court's denial of his resentencing appeal.[2] On August 3, 2020, [the PCRA court] granted the petition.

---

[2] Specifically, Appellee alleged the petition met the requirements of the newly-discovered facts exception to the PCRA time-bar at 42 Pa.C.S.A. § 9545(b)(1)(ii). Appellee maintained, *inter alia*, that counsel abandoned him on direct appeal by failing to file a petition for allowance of appeal with our Supreme Court, and counsel's abandonment constituted a newly-discovered fact, pursuant to ***Commonwealth v. Williamson***, 21 A.3d 236 (Pa.Super.

*(Footnote Continued Next Page)*

On August 31, 2020, the Commonwealth of Pennsylvania [filed a notice of appeal], which challenges the August 3, 2020 order of [the PCRA court]. On September 3, 2020, pursuant to the Pennsylvania [Rule] of Appellate Procedure, Rule 1925(b), [the Commonwealth] was ordered to file a statement of matters complained of on appeal. On September 21, 2020, the Commonwealth filed its [Rule 1925(b) statement].

(PCRA Court Opinion, dated December 4, 2020, at 1-3) (internal footnotes omitted).[3]

The Commonwealth raises two issues for our review:

Did the PCRA court improperly grant relief where the court lacked jurisdiction because [Appellee]'s petition was untimely?

Did the PCRA court improperly grant relief where [Appellee] failed to meet his burden because no fact-finding hearing was held nor testimony taken regarding either [Appellee]'s ineffective assistance of counsel claim or any possible exception to the timeliness requirement?

_____

2011) (explaining counsel's failure to file timely petition for allowance of appeal from order denying appellant's first PCRA petition constituted abandonment of counsel and was newly-discovered fact that would have warranted review of untimely second petition, had appellant presented claim within 60 days of discovering new fact). Appellee further claimed that he filed his petition "soon after he discovered that the appellate process was over." (Amended PCRA Petition at 5, unpaginated). Nevertheless, Appellee conceded that he did not ask appellate counsel to seek allowance of appeal.

[3] After the PCRA court reinstated Appellee's rights, Appellee filed a petition for allowance of appeal *nunc pro tunc* from this Court's November 1, 2017 decision. The Commonwealth subsequently filed a motion to quash Appellee's petition for allowance of appeal as premature, based on the Commonwealth's instant appeal challenging the PCRA court's jurisdiction to reinstate Appellee's appellate rights. On January 20, 2021, our Supreme Court granted the Commonwealth's motion and dismissed Appellee's petition for allowance of appeal, without prejudice.

- 3 -

(Commonwealth's Brief at 4).

In its issues combined, the Commonwealth challenges the PCRA court's decision to reinstate Appellee's appellate rights, where the Commonwealth maintains Appellee's petition was untimely filed and failed to meet any of the PCRA's timeliness exceptions. While the Commonwealth concedes that abandonment of counsel can constitute a newly-discovered fact for purposes of Section 9545(b)(1)(ii), it argues that Appellee ultimately failed to satisfy the two main requirements of that exception. Specifically, the Commonwealth avers that Appellee's bald claims of counsel's abandonment and his December 27, 2017 letter to the clerk of courts requesting a copy of his docket sheet are insufficient to demonstrate that Appellee (1) did not know of counsel's failure to seek allowance of appeal; and (2) exercised due diligence in discovering counsel's failure to do so. The Commonwealth contends the PCRA court improperly granted Appellee's petition "based on nothing other than [Appellee]'s assertions and this single letter." (Commonwealth's Brief at 14).

Even if Appellee met the newly-discovered facts exception to the PCRA time-bar, the Commonwealth insists the PCRA court erred in granting Appellee relief based on his underlying ineffective assistance of counsel claim. The Commonwealth asserts that Appellee cannot establish *per se* ineffectiveness because Appellee did not ask appellate counsel to file a petition for allowance of appeal on his behalf. Rather, the Commonwealth claims Appellee was

required to satisfy each prong of the ***Strickland***[4] test, which Appellee failed to do. The Commonwealth concludes the PCRA court erred by reinstating Appellee's appellate rights *nunc pro tunc*, particularly in the absence of an evidentiary hearing. We agree that some relief is due.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Conway***, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Wah***, 42 A.3d 335 (Pa.Super. 2012).

The timeliness of a PCRA petition is a jurisdictional requisite.

---

[4] ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (setting forth three-prong test for claims of ineffectiveness, where petitioner must plead and prove underlying claim has arguable merit; counsel lacked reasonable strategic basis for action or inaction; and prejudice).

*Commonwealth v. Hackett*, 598 Pa. 350, 359, 956 A.2d 978, 983 (2008),

*cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A PCRA

petition, including a second or subsequent petition, shall be filed within one

year of the date the underlying judgment becomes final. 42 Pa.C.S.A. §

9545(b)(1). A judgment is deemed final "at the conclusion of direct review,

including discretionary review in the Supreme Court of the United States and

the Supreme Court of Pennsylvania, or at the expiration of time for seeking

the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA

allow for very limited circumstances under which the late filing of a petition

will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition

must allege, and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness

exception must file a petition within one year of when the claim could have

been presented. 42 Pa.C.S.A. § 9545(b)(2).[5]

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Bennett***, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). A common allegation of ineffective assistance of counsel, even if cast in the language of a statutory exception, does not generally establish jurisdiction over an otherwise untimely PCRA petition. ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 80, 753 A.2d 780, 785 (2000). In rare instances, however, the law will allow a petitioner to proceed with an untimely PCRA petition where a petitioner timely asserts the "newly-discovered facts" exception under 42 Pa.C.S.A. § 9545(b)(1)(ii), claiming abandonment of counsel on a prior appeal. ***See Bennett, supra*** at 399-400, 930 A.2d at 1274.

Specifically, counsel's ineffectiveness may constitute a newly-discovered fact "where… counsel's ineffectiveness *per se* completely forecloses review…." ***Commonwealth v. Peterson***, 648 Pa. 313, 325, 192 A.3d 1123,

---

[5] As of December 24, 2018, Section 9545(b)(2) now allows any PCRA petition invoking a timeliness exception to be filed within **one year** of the date the claim first could have been presented. ***See*** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment applies to claims arising on or after December 24, 2017. As Appellee's abandonment claim purportedly arose after December 24, 2017, the amendment applies to him.

1130 (2018). *See also Bennett, supra* at 398-99, 930 A.2d at 1273-74 (holding that where appellant "made sufficient allegations that counsel abandoned him for purposes of his first PCRA appeal by failing to file an appellate brief[, the appellant's] relief under subsection (b)(1)(ii) is not controlled by the *Gamboa-Taylor* line of case law"; distinguishing *Gamboa-Taylor* line of cases where PCRA counsel merely "narrowed the ambit of appellate review," with cases where counsel has failed to file appeal and completely foreclosed appellate review; clarifying that "subsection (b)(1)(ii) is a limited extension of the one-year time requirements under circumstances when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control").

In such a scenario, however, a petitioner must still "prove that the facts were 'unknown' to him and that he could not uncover them with the exercise of 'due diligence.'" *See Bennett, supra*. *See also Commonwealth v. Scott*, 249 A.3d 1160 (Pa.Super. 2021) (unpublished memorandum)[6] (determining that counsel's ineffectiveness for failure to file timely petition for allowance of appeal may constitute newly-discovered fact under Section 9545(b)(1)(ii); concluding, nevertheless, that petitioner failed to plead and prove that he was unaware of status and procedural posture of his appeal or that he could not have discovered counsel's failure to file timely petition earlier

_____

[6] *See* Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decisions of Superior Court filed after May 1, 2019, may be cited for persuasive value).

through exercise of due diligence).

Instantly, the court resentenced Appellee on September 23, 2016. On November 1, 2017, this Court affirmed the judgment of sentence. Appellee did not seek allowance of appeal. Consequently, Appellee's sentence became final on December 1, 2017, upon expiration of the 30-day period to file a petition for allowance of appeal with the Pennsylvania Supreme Court. **See** Pa.R.A.P. 1113(a). Thus, a timely PCRA petition was due by December 1, 2018. Here, Appellee's *pro se* PCRA petition was docketed on August 22, 2019, which is facially untimely.

In his PCRA petition, Appellee attempted to invoke the newly-discovered facts exception to the PCRA timeliness requirement. Specifically, Appellee alleged ineffective assistance of counsel where appellate counsel "never notif[ied] him that his appeal to the Pennsylvania Superior Court was rejected and did not file or inquire if [Appellee] wanted to file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court." (Amended PCRA Petition at 4, unpaginated). Appellee further claimed he satisfied the PCRA time-bar exception where (1) he did not have access to information regarding the status of his appeal; and (2) his letter to the clerk of courts requesting docket sheets demonstrated the requisite due diligence.

Based on these allegations, the PCRA court concluded that Appellee satisfied the requirements of the newly-discovered facts exception and proved ineffective assistance of appellate counsel. As such, the court granted

Appellee PCRA relief and restored his right to file a petition for allowance of appeal to the Supreme Court *nunc pro tunc*.

Initially, Appellee fails to specify when he first discovered this Court's November 1, 2017 decision and that counsel did not file a petition for allowance of appeal from that decision on Appellee's behalf. Although Appellee insists he filed the current PCRA petition "soon" after learning of counsel's alleged abandonment, his failure to indicate the date on which he made this discovery calls into question whether Appellee even filed the current petition within one year of this "newly-discovered fact" for purposes of Section 9545(b)(2). **See** 42 Pa.C.S.A. § 9545(b)(2).

Furthermore, although Appellee's allegations arguably bring his claim within the narrow ambit of cases involving attorney abandonment pursuant to **Bennett** and its progeny, in the absence of an evidentiary hearing, we are unconvinced that Appellee met the newly-discovered facts exception. Other than writing to the clerk of courts once in December 2017, Appellee does not explain why he could not have discovered the status of his appeal or counsel's failure to file the petition for allowance of appeal sooner. Appellee does not even indicate whether he attempted to contact counsel to discover the status of his appeal or to see if counsel filed a petition for allowance of appeal on his behalf, even though Appellee admits he did not ask counsel to take such action. **Compare Bennett, supra** (explaining appellant exercised due diligence sufficient to satisfy requirement of newly-discovered fact exception

by providing description of steps he took to ascertain status of his appeal, including writing to PCRA court and Superior Court); ***Commonwealth v. Carr***, 768 A.2d 1164 (Pa.Super. 2001) (holding that mere allegation of counsel's ineffectiveness was insufficient to avoid PCRA time bar, where phone call to counsel or clerk of courts would have revealed counsel's failure to file appeal).

Similarly, in the absence of an evidentiary hearing, the record does not confirm whether Appellee can succeed on the merits of his underlying ineffectiveness claim (namely, whether counsel had a duty to consult with Appellee about filing an appeal). ***See Commonwealth v. Green***, 168 A.3d 173, 178 (Pa.Super. 2017), *appeal denied*, 646 Pa. 1, 183 A.3d 340 (2018) (explaining "counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1) that a rational defendant would want to appeal…, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing"). ***See also Roe v. Flores-Ortega***, 528 U.S. 470, 484, 120 S.Ct. 1029, 1038, 145 L.Ed.2d 985, ____ (2000) (stating: "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed").

Thus, we conclude the instant matter requires further fact-finding by the PCRA court. Accordingly, we vacate and remand for the PCRA court to conduct

an evidentiary hearing. Upon remand, the court must initially ascertain whether Appellee (1) filed the current petition within one year of discovering his asserted "newly-discovered fact" per Section 9545(b)(2); and (2) exercised due diligence in discovering counsel's alleged abandonment. If the court concludes Appellee established the claimed exception to the PCRA time-bar, then the court must proceed to decide whether Appellee pled and proved that counsel was ineffective. ***See, e.g., Commonwealth v. Carter***, 21 A.3d 680 (Pa.Super. 2011) (explaining PCRA court must make factual findings regarding whether counsel adequately consulted with defendant regarding advantages and disadvantages of filing appeal; of necessity, such factual findings must be based on testimony from counsel at evidentiary hearing; remanding for evidentiary hearing where record on appeal was insufficient to permit appellate review of appellant's claim that counsel failed to adequately consult with him about filing appeal). ***See also Commonwealth v. Kenney***, 557 Pa. 195, 732 A.2d 1161 (1999) (explaining appellate court is limited to reviewing record for error; if appellate Court considers record insufficient to adjudicate petitioner's ineffectiveness claims against counsel, Court should remand case to PCRA court to conduct further review).

Order vacated; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/05/2021