J-S10028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY NGUIEN | : | |
| | : | |
| Appellant | : | No. 2491 EDA 2021 |

Appeal from the PCRA Order Entered November 19, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011976-2013

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 17, 2023**

Anthony Nguien appeals *pro se* from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).  ***See*** 42 Pa.C.S.A. §§ 9541-9546. After careful review, we vacate and remand for further proceedings.

The trial court summarized the facts of this matter as follows:

[W]hen [the victim] was between the ages of seven to fourteen, she was sexually abused by her stepfather, [Nguien].  [The victim] was age seven when she initially told her mother about the abuse. As a result, [the victim] was not believed and was sent to live with a family friend known as "Grandmom G[.]"  During that time, the victim]'s mother was incarcerated [for five years].   [Nguien] continued to sexually assault [the victim] under the guise of taking her for visits with her [step-]brothers.  [The victim] wrote letters to her mother to advise of the abuse.  Upon the release of the mother from prison in 2011, [the victim] returned to live with her, [Nguien,] and her [step-]brothers.   The sexual assaults continued[] almost every day.  Again, [the victim] attempted to alert her mother, who reacted negatively.  Finally, in April 2013[, the victim] disclosed the sexual abuse to a teacher and the

authorities became involved. When the mother refused to remove [Nguien] from the home[, the victim] was removed and ultimately sent to live with her biological father in California.

Trial Court Opinion, 3/22/18, at 3. Nguien was charged, under two separate municipal court docket numbers,[1] with rape—by forcible compulsion,[2] involuntary deviate sexual intercourse with a child (IDSI),[3] IDSI—person less than 16 years of age,[4] unlawful contact with a minor—sexual offenses,[5] unlawful restraint—serious bodily injury, statutory sexual assault—8-11 years old, corruption of minors,[6] simple assault—child under 12 by person 18 years of age or older, indecent assault, simple assault, and sexual assault.

In November 2016, Nguien proceeded to a jury trial; however, the jury was unable to reach a verdict.[7] Nguien was retried, before a jury, in 2017. On April 25, 2017, Nguien was found guilty of rape—by forcible compulsion, unlawful contact with a minor—sexual offenses, IDSI with a child, IDSI—person less than 16 years of age, and corruption of minors. Sentencing was

_____

[1] **See** MC51-CR-0026643-2013 & MC51-CR-0026644-2013.

[2] 18 Pa.C.S.A. § 3121(a)(1).

[3] **Id.** at § 3123(b).

[4] **Id.** at § 3123(a)(7).

[5] **Id.** at § 6318(a)(1).

[6] **Id.** at § 6301(a)(1)(i).

[7] At the end of Nguien's first trial, which ended in a mistrial, counsel requested a prompt complaint instruction, which was denied. The court concluded that the instruction was not warranted under the circumstances.

deferred for a Megan's Law Assessment,[8] presentence investigation report, and mental health evaluation. On September 18, 2017, Nguien was sentenced to an aggregate term of imprisonment of 15-30 years, to be followed by 10 years of probation.

On September 25, 2017, Nguien filed a *pro se* direct appeal[9] claiming, among other things, that the trial court failed to give a prompt complaint instruction to the jury at his retrial. In affirming Nguien's judgment of sentence, our Court found that the claim was waived because no request for the instruction had been made at Nguien's 2017 retrial, and, in the alternative, any such instruction would have been inappropriate. ***See Commonwealth v. Nguien***, 217 A.3d 423 (Pa. Super. 2019) (Table). Nguien filed a petition for allowance of appeal which was denied by our Supreme Court on October 18, 2019. ***See id.***, 218 A.3d 856 (Pa. 2019) (Table).

_____

[8] On April 26, 2017, the court ordered Nguien be assessed by the state Sexual Offenders Assessment Board to determine whether he is a sexually violent predator (SVP). On November 17, 2017, Nguien was determined to be an SVP; however, on appeal, our Court deemed that designation unconstitutional and an illegal sentence. ***See Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017); ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017). Our Court vacated the SVP status and remanded the matter to the trial court to issue appropriate notice to Nguien of his registration obligations under Megan's Law, 42 Pa.C.S.A. § 9799.23.

[9] On October 5, 2017, Nguien filed a *pro se* motion for reconsideration of sentence. On October 12, 2017, Alan J. Tauber, Esquire, entered his appearance and filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal on behalf of Nguien.

On January 30, 2020, Nguien filed the instant *pro se* PCRA petition. William Ciancaglini, Esquire, was appointed as PCRA counsel, and, on July 7, 2020, he filed an amended petition.[10]   On December 8, 2020, the Commonwealth filed a motion to dismiss Nguien's PCRA petition without a hearing.   On February 22, 2021, the PCRA court provided Pa.R.Crim.P. 907 notice of its intent to dismiss Nguien's petition without a hearing.   Nguien responded *pro se* to the court's notice, requesting leave to amend his petition to include a new claim of ineffectiveness of counsel, asking that new PCRA counsel be appointed, and seeking an evidentiary hearing.   **See** Motion For Change of Appointed Counsel, 4/1/21 (Nguien requesting new PCRA counsel be appointed where:   he and PCRA counsel had yet to meet; Nguien had unsuccessfully tried to contact counsel via phone and though multiple letters; and Nguien told court about counsel's non-responsiveness and attached his letters for court to forward to counsel).

On July 21, 2021, PCRA counsel filed an amended petition[11] and, on October 5, 2021, the court issued another Rule 907 notice of its intent to

---

[10] Nguien also filed a *pro se* amended PCRA petition on August 24, 2020, despite the fact that he was represented by PCRA counsel at the time.   In that document, Nguien argued that trial counsel was also ineffective for giving him "erroneous and unconstitutional statutory information" in convincing him to reject a plea offer.   Declaration in Support of PCRA Amendment, 8/24/20, at 2.

[11] Nguien continued to submit *pro se* filings raising new issues with which he wished counsel to "supplement his existing petition[.]"   **See** Letter, 9/1/21, at 1 (including ineffectiveness of trial counsel claims concerning 5th
*(Footnote Continued Next Page)*

dismiss Nguien's petition without a hearing. On November 19, 2021, the court dismissed the petition and noted that it "has granted your attorney's request to withdraw from this matter." Order, 11/19/21.

On December 1, 2021, Nguien filed a timely *pro se* notice of appeal. On December 7, 2021, the PCRA court ordered Nguien to file a Rule 1925(b) statement. On December 17, 2021, Nguien filed a motion for extension of time within which to file his Rule 1925(b) statement.[12] The court granted the motion, ordering Nguien to file his statement on or before January 31, 2022. On January 3, 2022, Nguien filed a *pro se* Rule 1925(b) statement.[13] On January 28, 2022, the trial court complied with Rule 1925(a), filing its opinion in response to Nguien's Rule 1925(b) statement.[14]

_____

amendment rights and lack of objection to failure to give prompt complaint instruction).

[12] Nguien requested an extension claiming that on 12/8/21 he was "assaulted by another inmate . . . and sustained" injuries causing him "blurr[ed] vision, migraine and headache[s], and discomfort writing or seeing." Motion for Extension of Time, 12/17/21, at 1.

[13] In that statement, Nguien raised the following three issues: (1) whether the PCRA court erred by not holding an evidentiary hearing on his ineffectiveness claims; (2) whether the PCRA court erred when it found no merit to his ineffectiveness claims regarding (a) trial counsel's failure to request a prompt complaint jury instruction; and (b) direct appeal counsel's failure to raise and brief the trial court's denial of a mistrial. **See** *Pro Se* Rule 1925(b) Statement, 1/3/22, at 1.

[14] Nguien filed, with this Court, a 42-page "Concise Statement of Errors Complained of on Appeal," dated January 30, 2021. Our Court forwarded that document to the PCRA judge, the Honorable Gwendolyn N. Bright, who
*(Footnote Continued Next Page)*

On May 3, 2022, this Court remanded the matter to the PCRA court "for a determination as to whether Attorney Ciancaglini requested permission to withdraw as [PCRA] counsel, and to take further action as required to protect [Nguien's] right to appeal, including, but not limited to, determining [Nguien's] eligibility for court-appointed counsel for this first PCRA petition." Order, 5/3/22. On June 8, 2022, the PCRA court responded that, at a November 19, 2021 court proceeding,[15] Attorney Ciancaglini had requested to be removed and that the court granted the request.

Initially, we must address the procedural history of this case following our Court's May 2022 order. In response to our remand directive, the PCRA court appointed new PCRA counsel, William Allen Love, Esquire, in an effort "to avoid any further delay." PCRA Court Letter, 6/8/22.[16] Attorney Love

---

deemed the statement "moot" and determined that she would not address it. *See* Letter, 2/11/22.

[15] The PCRA court characterizes this proceeding as a "PCRA dismissal hearing." *See* PCRA Court Order, 6/8/22. However, it should be noted that this was not an evidentiary hearing in the sense that term is used under the PCRA and our rules of criminal procedure. *See* Pa.R.Crim.P. 908. Neither Nguien nor witnesses were present at the proceedings and no evidence or exhibits were admitted. The PCRA judge stated at the proceeding that the parties are "here for formal dismissal today" and that she had "reviewed the matter and [] did send [Pa.R.Crim.P.] 907 notice [and t]here's been no response." PCRA Proceeding, 11/19/21, at 4. Attorney Ciancaglini then stated, in response, "All I ask is that I be removed as counsel at this time and for any future proceedings." *Id.* The PCRA judge then concluded the matter after granting "[f]ormal dismissal and [c]ounsel's request to be removed[.]" *Id.*

[16] We have no on-the-record determination as to why the PCRA judge permitted originally-appointed PCRA counsel, Attorney Ciancaglini, to be
*(Footnote Continued Next Page)*

entered his appearance on June 27, 2022. Then, on August 8, 2022, this Court vacated the existing briefing schedule, struck Nguien's *pro se* appellate brief, and directed Attorney Love to file an appellate brief on Nguien's behalf.[17]

_____

removed when it dismissed Nguien's petition in November 2021. However, based on the number of letters Nguien wrote to counsel after he was appointed and before his PCRA petition was dismissed, it is clear there was some breakdown in the attorney-client relationship, possibly to the point of abandonment. ***See infra*** n.18; ***see also Commonwealth v. Betts***, 240 A.3d 616, 621 (Pa. Super. 2020) (where first-time petitioner "unambiguously voiced his dissatisfaction with [PCRA counsel's] representation" and asked to end their attorney-client relationship in letter, this Court required to raise error *sua sponte* and remand for PCRA court to correct mistake); Pa.R.Crim.P. 122(C) (requiring "substantial reasons" to appoint new counsel).

On the other hand, if Attorney Ciancaglini had attempted to withdraw from representing Nguien in his quest for post-conviction relief, after concluding there were no issues of arguable merit, counsel was required to properly seek withdrawal by complying with the dictates of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[17] Attorney Love complied with that request, filing a brief that raises the following issues:

(1)     Whether the PCRA court abused its discretion when it did not hold an evidentiary hearing when [Nguien] presented two (2) claims of ineffective assistance of counsel [that,] if resolved in his favor, would require a new trial.

(2)     Whether the PCRA court erred where it found no merit in either of [Nguien's] claims of ineffective assistance of counsel [where]:

a. Trial counsel was ineffective where a "prompt complain[t]" jury instruction was not requested.

b. Direct appeal counsel was ineffective for failing to raise and brief the [t]rial [c]ourt's abuse of discretion in denying a mistrial for a Fifth Amendment violation.

Appellant's Brief, at 6.

*See* Order, 8/8/22.[18] However, due to the fact that Nguien was entitled to have new PCRA counsel appointed for his first petition, *see* Pa.R.Crim.P. 904(C),[19] Nguien should have been afforded the opportunity to have Attorney Love *prosecute* his PCRA petition, which includes the right to have a new amended petition filed on his behalf, fully developing any potentially meritorious claims after consulting with Nguien. "The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review." *Commonwealth v. Kenney*, 732 A.2d 1161, 1164 (Pa. 1999). *See Commonwealth v. Bennett*, 930 A.2d 1264, 1273 (Pa. 2007) ("[PCRA] petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner."); *see also*

_____

[18] The record evidences that Nguien repeatedly averred counsel abandoned him over the course of his collateral representation. On February 24, 2021, Nguien sent a letter to the clerk of the trial court indicating that PCRA counsel was not effective where he had not responded to Nguien's multiple attempts to communicate with him. Thus, Nguien requested that Judge Bright "provide [him] with [] counsel who is effective [] and will communicate with [him]." Letter, 2/24/21, at 1. On March 3, 2021, Nguien sent the clerk of the trial court another letter asking the PCRA judge to delay her decision on his petition until he receives a response regarding issues he wishes to raise and also that **the court appoint him "counsel who is effective**[] **and follows the Rules of Professional Conduct** [**by**] **communicat**[**ing**] **with his client; inform**[**ing**] **his client of the issues being raised; and** [] **provid**[**ing**] **his client of his legal documents for review**[.]" Letter, 3/3/21, at 1 (emphasis added). On March 11, 2021, Nguien asked the trial court to give him an additional "90 days to find representation[] and to respond to Pa.R.Crim.P. 905 or Pa.R.Crim.P. 907 [notice.]" Motion for Extension of Time, 3/11/21.

[19] *See also* Pa.R.Crim.P. 904(F)(2) ("[T]he appointment of counsel shall be effective **throughout the post-conviction collateral proceedings**, including any appeal from disposition of the petition for post-conviction collateral relief.") (emphasis added).

*Commonwealth v. Perez*, 799 A.3d 848, 852 (Pa. Super. 2002) ("[W]here an appellant's right to representation has been effectively denied by the action of court or counsel, the petitioner is entitled to a remand to the PCRA court for the appointment of counsel to prosecute the PCRA petition."); **Betts**, **supra** at 624-25 (where PCRA court failed to respond properly to petitioner's assertions of PCRA counsel's ineffectiveness, coupled with counsel's inability to meaningfully represent first-time petitioner once allegations advanced, petitioner's right to effective assistance of counsel collectively undermined).

Given the time constraints within which to file a petition under the PCRA, "a defendant's first PCRA petition . . . may well be the defendant's sole opportunity to seek redress for [trial counsel's] errors and omissions . . . [and, w]ithout the input of an attorney, important rights and defenses may forever be lost." **Commonwealth v. Robinson**, 970 A.2d 455, 458 (Pa. Super. 2009) (en banc). **See also Betts**, **supra** at 625 (on remand, where Court directed new PCRA counsel be appointed, "newly-appointed counsel shall: (1) review [petitioner's] *pro se* objections concerning [prior counsel's] ineffectiveness; (2) file supplemental briefing limited to discussing the merits of those claims within a reasonable time frame; and (3) continue to represent [petitioner] for the duration of these PCRA proceedings").[20]

---

[20] The Commonwealth shall have an opportunity to file a response to any supplemental filings from Nguien. Thereafter, the PCRA court shall proceed in accordance with the proper procedure in ruling on a PCRA petition. **Betts**, **supra** at 625.

Accordingly, we remand this case to the PCRA court to permit Attorney Love leave to file an amended petition on Nguien's behalf, fully developing any potentially meritorious claims after consulting with Nguien,[21] or comply with the dictates of **Turner**/**Finley** if he seeks to withdraw from PCRA representation. **Perez**, **supra**.[22]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.[23]

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2023

_____

[21] **See supra** at n.10-11 (noting Nguien's several *pro se* filings raising new issues he wished PCRA counsel would include in supplemental petition).

[22] We offer no opinion regarding the merits of any of the PCRA claims Nguien has raised in his *pro se* petitions or amended/supplemental petitions.

[23] Were we to accept new PCRA counsel's appellate brief and "reach[] the merits of the . . . claim[s]" therein, we would be "disregarding the proceedings in the PCRA court [and] act[ing] as a secondary PCRA court." **Kenney**, **supra** at 1165.