J-S37026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KALANI WATTS | : | |
| | : | |
| Appellant | : | No. 2399 EDA 2023 |

Appeal from the PCRA Order Entered January 9, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001528-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KALANI WATTS | : | |
| | : | |
| Appellant | : | No. 895 EDA 2024 |

Appeal from the PCRA Order Entered January 9, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001579-2014

BEFORE:  BOWES, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:  **FILED JANUARY 27, 2025**

In this consolidated appeal, Kalani Watts (Appellant) appeals, *pro se*, from the orders dismissing as untimely his first petitions filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The facts underlying Appellant's offenses are not relevant to this appeal. In No. 1528-2013, Appellant entered a negotiated guilty plea to one count

each of obtaining possession of a controlled substance by misrepresentation, fraud, forgery or subterfuge, and insurance fraud.[1]  On July 21, 2014, in accordance with the plea agreement, the trial court imposed an aggregate sentence of 6 to 12 years in prison.  Appellant filed a timely motion for reconsideration of sentence, which the trial court denied on August 1, 2014. No direct appeal followed.

In No. 1579-2014, Appellant pled guilty to one count of receiving stolen property.[2]  On September 3, 2014, the trial court sentenced Appellant to 16 to 36 months in prison, to run concurrently with Appellant's sentence at No. 1528-2013.  No post-sentence motion or direct appeal followed.

On July 24, 2023, Appellant filed identical, *pro se* PCRA petitions at both dockets.  Appellant filled out portions of a pre-printed PCRA petition form, and also incorporated an attached "Petition for Enforcement of Negotiated Plea Agreement" (Attachment).  Appellant alleged he was paroled

> on 6-20-19, and moved thereafter to the State of Georgia, and 3 years later, [Appellant] was arrested on misdemeanor(s), and returned back to [Pennsylvania on] a [p]arole violation[.  U]pon being seen [by] the [Pennsylvania Board of Probation and Parole (Parole Board)], [Appellant was] informed that his maximum sentence was moved from 7-12-2026 to 4-29-29.

---

[1] 35 P.S. § 780-113(a)(12); 18 Pa.C.S.A. § 4117(a)(2).

[2] 18 Pa.C.S.A. § 3925(a).

PCRA Petitions, 7/24/23, Attachment at 1. Appellant claimed the change in his maximum release date due to a parole violation constituted a breach of his plea agreement. *Id.* at 1-3.[3]

On August 16, 2023, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petitions without a hearing.[4] The PCRA

---

[3] Appellant referenced his plea agreement and sentence in No. 1528-2013 only. His PCRA petitions do not make clear how his claim implicates No. 1579-2014, and it appears he is no longer serving a sentence in that case. Therefore, even if Appellant's petition in No. 1579-2014 was timely, he would not be eligible for PCRA relief because he is no longer serving a sentence on the underlying offense. *See* 42 Pa.C.S.A. § 9543(a)(1)(i) (to be eligible for PCRA relief, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at the time relief is granted).

[4] In his petitions, Appellant did not request appointment of counsel, but rather checked a box indicating, "I do not want a lawyer to represent me." Petitions, 7/24/23, at 8. In its Rule 907 order, the PCRA court appointed the public defender's office to represent Appellant. The PCRA court gave the public defender and/or Appellant 45 days to either respond to the Rule 907 Notice or file amended PCRA petitions. On October 30, 2023, the PCRA court held a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), during which Appellant confirmed his desire to represent himself. *See* N.T., 10/30/23, at 5-11. The PCRA court entered an order "grant[ing Appellant] permission to represent himself in his matter." Order, 10/30/23. The public defender's office never entered its appearance. Our review discloses the PCRA court erred by conducting a merits review and indicating its intent to dismiss the petitions under Rule 907 **before** it either appointed counsel or held a *Grazier* hearing. "An indigent petitioner has the right to appointment of counsel to assist in prosecuting a first PCRA petition," a right which extends to "each stage of post-conviction review." *Commonwealth v. Kenney*, 732 A.2d 1161, 1164 (Pa. 1999); *see also* Pa.R.Crim.P. 907(C). Our appellate courts have consistently remanded cases to the PCRA court for further proceedings where the petitioner was deprived of that right. *See Kenney*, 732 A.2d at 1164. Here, however, the subsequent *Grazier* hearing belatedly remedied the PCRA court's error. As a result, there is no remedy we could provide upon remand that Appellant did not already receive below.

- 3 -

court concluded the petitions were untimely filed, and that Appellant failed to plead and prove any timeliness exception. The PCRA court further observed that Appellant's petitions appeared to challenge the Parole Board's decision "to revoke his parole and pull his street time." Rule 907 Notice, 8/16/23, at 3. The PCRA court determined that "[s]uch a challenge is outside the scope of the PCRA." *Id.*; *see also* 42 Pa.C.S.A. § 9543(a)(2) (detailing cognizable PCRA claims). In the alternative, the PCRA court determined that the Parole Board's decision did not constitute a violation of Appellant's plea agreement. The PCRA court observed that "even if [Appellant] were to remain incarcerated until his new max[imum release] date, he would not [serve] more than 12 years [in prison]—the maximum period he negotiated [in his plea agreement.]" Rule 907 Notice, 8/16/23, at 4.

On September 8, 2023, Appellant filed a notice of appeal from the PCRA court's August 16, 2023, Rule 907 Notice. On the same date, Appellant filed responses to the Rule 907 Notice.

On September 18, 2023, the PCRA court entered an order correctly observing that Appellant had appealed from a non-appealable interlocutory order, and determining that the appeal did not stay the PCRA proceedings. *See* Pa.R.A.P. 1701(b)(6) (providing that, "[a]fter an appeal is taken … the trial court … may … [p]roceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal…."). The PCRA court also directed Appellant to file a Pa.R.A.P. 1925(b)

concise statement, "[i]n the event that [Appellant] intends to pursue his appeal…." Order, 9/18/23.  Appellant filed a timely concise statement.

On December 11, 2023, this Court directed Appellant to show cause why his appeal should not be quashed as interlocutory.  On December 27, 2023, Appellant filed a response to the show-cause order.  Appellant maintained he "is not appealing" the August 16, 2023, Rule 907 Notice, but rather "is appealing" the PCRA court's final order.  Response, 12/27/23, at 1.  Appellant indicated he had not yet received a final order, and requested an extension of time to await the entry of a final order.  *Id.*  This Court discharged the show-cause order and referred the appealability issue to the merits panel.

On January 9, 2024, the PCRA court entered final orders dismissing Appellant's petitions.[5]  On April 10, 2024, the PCRA court filed an opinion under Pa.R.A.P. 1925(a), indicating it had dismissed Appellant's petitions for the reasons set forth in its August 16, 2023, Rule 907 Notice.  The PCRA court further opined that the appeal should be quashed because, *inter alia*, it "was

_____

[5] On March 12, 2024, this Court entered an order noting that Appellant's single notice of appeal did not comply with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. Super. 2018) (requiring appellants to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket).  We directed Appellant to file amended notices of appeal at both dockets. **See Commonwealth v. Young**, 280 A.3d 1049, 1057 (Pa. Super. 2022) (holding when there is a **Walker** defect in an appeal to which Pa.R.A.P. 902 applies, this Court's default position is to allow correction of the defect unless good cause is shown by the opposing party).  On April 1, 2024, Appellant filed amended notices of appeal at both dockets, each purporting to appeal the PCRA court's January 9, 2024, final orders.  On April 19, 2024, this Court consolidated the appeals *sua sponte*.

a premature, defective appeal taken from a non-appealable interlocutory order." Rule 1925 Opinion, 4/10/24, at 6. The Commonwealth also urges us to quash the appeal. *See* Commonwealth's Brief at 8-9.

After review, we decline to quash the appeal. Pennsylvania Rule of Appellate Procedure 905(a)(5) provides that a "notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). In **Commonwealth v. Swartzfager**, 59 A.3d 616 (Pa. Super. 2012), a PCRA petitioner filed a notice of appeal from the PCRA court's Rule 907 Notice, and the PCRA court subsequently entered a final order. We declined to quash the appeal, citing Rule 905(a)(5). **See id.** at 618 n.3. Instantly, we follow **Swartzfager** in applying Rule 905(a)(5), and therefore treat Appellant's notice of appeal as filed from the PCRA court's January 9, 2024, final orders.

Appellant identifies four questions for our review:

1. Did the PCRA court err[], as in [Appellant's] petition for enforcement of his negotiated plea bargaining agreement, within, and terms of sentence, enforcement of contractual agreement, and specific performance to uphold the benefit of plea bargaining, which is question of law and is cognizable under the PCRA …[,] which in turn gave the PCRA court jurisdiction to grant relief in this enforcement petition[?]

2. Did the PCRA court err[], in its January [9], 2024, order denying PCRA relief, by not addressing [Appellant's] claims(s) for enforcement of his negotiated plea bargaining benefit, for 6 to 12 [years], that is on his sentencing order[?]

- 6 -

3. Did the PCRA court err[], when the prosecutor failure to disclose to [Appellant] that, he had to submit into another contract, just to get out of prison, which in turn breach the negotiated plea bargaining agreement[?]

4. Did the PCRA court err[], when the Commonwealth Administrative Agency (Pennsylvania Parole and Probation Board) … moved [Appellant's] controlling maximum sentence date from July 12, 2026 to April 29, 2029[,] which breached the contract agreement (within the terms) of the negotiated plea bargaining agreement for 6 to 12 [years]; violated [Appellant's] right under the 8th Amendment cruel and unusual punishment, double jeopardy clauses, false imprisonment, under both state and federal constitutions[?]

Appellant's Brief at iv (some capitalization modified; grammatical errors in original).

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.***

Preliminarily, we observe that "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." ***Commonwealth v. Westlake***, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1037 (Pa. Super. 2018)

(citation omitted).[6] *Pro se* litigants "must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects [in an appellant's brief], we will be unable to perform appellate review." ***Id.*** at 1038 (citation omitted); ***see also*** Pa.R.A.P. 2101 (if the defects in an appellant's brief "are substantial, the appeal … may be quashed or dismissed."). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted).

Instantly, we observe that none of Appellant's four issues, to the extent we can discern their meaning, correspond to the issues raised in Appellant's court-ordered concise statement. ***See*** Concise Statement, 10/16/23, at 1-2. "It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review." ***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020); ***see also*** Pa.R.A.P. 1925(b)(4)(vii) (stating issues not included in the concise statement are waived). Moreover, the argument section of Appellant's brief advances no argument related to any of his four issues. ***See*** Appellant's Brief at 1. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,]

_____

[6] Here, Appellant was entitled to appointed counsel, but declined on the grounds that *counsel* lacked the expertise to litigate his claims. ***See*** Response to Rule 907 Notice, 9/8/23, at 2 (in reiterating his desire to represent himself, Appellant asserted the public defender's attorneys "are not Contract Attorneys" and do not "understand that a Plea bargaining agreement is a contractual issue.").

or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." ***Commonwealth v. Bertothy***, 307 A.3d 776, 780 n.2 (Pa. Super. 2023) (citation omitted); ***see also*** Pa.R.A.P. 2119(a) (requiring discussion and citation of pertinent authorities). For these reasons, we deem Appellant's four issues waived.

Further, rather than address his four issues, Appellant's one-page argument asserts that his petitions were timely under each of the PCRA's three timeliness exceptions. ***See*** Appellant's Brief at 1; ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).[7]  As Appellant's concise statement preserved claims regarding the newly-discovered fact and newly-recognized constitutional right exceptions, we could consider the merits of those two claims. ***See*** Concise Statement, 10/16/23, at 1-2. Again, however, we must deem Appellant's claims waived for his failure to meaningfully develop his timeliness arguments or include citations to pertinent authority. ***See*** Appellant's Brief at 1.

_____

[7] "If a PCRA petition is untimely, a court lacks jurisdiction." ***Commonwealth v. Reeves***, 296 A.3d 1228, 1230-31 (Pa. Super. 2023). A PCRA petition "shall be filed within one year of the date the judgment becomes final[.]"  42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, … or at the expiration of time for seeking the review." ***Id.*** § 9545(b)(3). Here, Appellant's judgments of sentence became final on August 31, 2014 (No. 1528-2013), and October 3, 2014 (No. 1579-2014), respectively, when the time for filing direct appeals expired. ***See*** Rule 907 Notice, 8/16/23, at 3. Appellant's July 24, 2023, petitions are therefore facially untimely. "However, a petitioner may overcome the PCRA's time-bar if he pleads and proves one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)." ***Reeves***, 296 A.3d at 1231.

The newly-discovered fact exception "requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence." ***Commonwealth v. Sanchez***, 204 A.3d 524, 526 (Pa. Super. 2019) (citing 42 Pa.C.S.A. § 9545(b)(1)(ii)). Appellant's brief fails to clearly identify which facts he claims were newly discovered. ***See*** Appellant's Brief at 1.[8] We further note Appellant's PCRA petitions failed to identify any newly discovered facts. ***See*** PCRA Petitions, 7/24/23, at 3.[9]

The newly-recognized constitutional right exception "requires a PCRA petitioner to plead and prove that 'the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.'" ***Commonwealth v.***

_____

[8] To the extent Appellant argues the Parole Board's decision is a newly-discovered fact, neither his brief nor his petitions identify the date of that decision. ***See generally*** Appellant's Brief; PCRA Petitions, 7/24/23; ***see also*** 42 Pa.C.S.A. § 9545(b)(2) (requiring any petition invoking a timeliness exception to be filed within one year of the date the claim could have been presented). The record is devoid of documentation regarding Appellant's parole violation or its effect on his sentence.

[9] On the pre-printed PCRA petition form, Appellant checked boxes indicating he asserted each of the timeliness exceptions. ***See*** PCRA Petitions, 7/24/23, at 3. When prompted to set forth information supporting the exceptions, however, Appellant merely incorporated his attached "Petition for Enforcement of Negotiated Plea Agreement." ***Id.*** The attachment did not mention the timeliness exceptions or clearly set forth any information supporting them. ***See id.***, Attachment at 1-3.

***Taylor***, 283 A.3d 178, 185 (Pa. 2022) (quoting 42 Pa.C.S.A. § 9545(b)(1)(iii)).  Here, though Appellant cites various provisions of the federal and state constitutions, he fails to identify any decision of the United States Supreme Court or Pennsylvania Supreme Court recognizing a new constitutional right.  ***See*** Appellant's Brief at 1.

As Appellant has waived each of his issues raised on appeal, we affirm the PCRA court's orders dismissing his petitions as untimely.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/27/2025